51,354

RONROYAL J. OWENS
851492    NEAL UNIT
9055    SPUR    591
AMARILLO, TX 79107

CERTIFIED MAIL NO. 7015 0640 0007 4461 1787
(CMRRR)

JUNE 9, 2015

**This document contains some pages that are of poor quality at the time of imaging.**

COURT OF CRIMINAL APPEALS
HON. ABEL ACOSTA, CLERK
P.O.BOX 12308
AUSTIN, TEXAS 78711-2308

Re: Filing of Writ of Mandamus, Writ of Certiorari & Writ of Procedendo
    in cause numbers F98-01040-T & F98-67384 MT

  Dear Clerk:

    Enclosed you will find the following documents for your filing:

1. Motion for Leave to file Petition for Writ of Mandamus, and/or Petition of Certiorari and/or Petittion for Writ of Procedendo;

2. Petition for Writ of Mandamus and/or Petition for Writ of Certiorari and/or Petition for Procedendo (in F98-01040-T)(40pp.);

3. Appendix to the Petition for Writ of Mandamus, Writ of Certiorari and Writ of Procedendo (54pp.);
   (54 pp.)

4. Copies of the Tex. Code Crim. Proc. Articles 42.03 and 42.09 (2pp. [f/b]); and

5. A carbon copy of this letter and self addressed postage prepaid envelope.

    Clerk, please file these documents with the Court and set them for an evidentiary hearing.

    Also, please **file-stamp** the **carbon copy** of this letter (which I have included) **and return it** to me in the First-Class postage prepaid self-addressed envelope I have provided.

    Thank you for your help in this matter.

    Sincerely,

    RONROYAL J. OWENS

**RECEIVED IN
COURT OF CRIMINAL APPEALS**

**JUN 18 2015**

Abel Acosta, Clerk

CAUSE NO. _____

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

In re RONROYAL J. OWENS

**MOTION FOR LEAVE TO FILE**

PETITION FOR WRIT OF MANDAMUS
AND/OR

PETITION FOR WRIT OF CERTIORARI
AND/OR

PETITION FOR WRIT OF PROCEDENDO

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 18 2015

Abel Acosta, Clerk

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES Ronroyal J. Owens, petitioner (pro se), complaining of the Judge of the 283rd Judical District Court, Dallas County, Tx, and pursuant to Rule 72.1 of the Texas Rules of Appellate Procedure in Criminal cases moves this Court to grant petitioner leave to file these petitions for a writ of mandamus, writ, writ of certiorari and writ of procedendo (in F98-01040-T) tendered contemporaneously with this motion.

Petitioner prays that the motion be granted, the daid petitions for mandamus, certiorari and procedendo be filed and set down for a hearing, that the relief requested be granted, and for any other relief, general and special, including a stay of the proceeding below until the matters complained of in said petitions are cured.

Respectfully submitted,

RONROYAL J. OWENS - PRO SE
851492 NEAL UNIT
9055 SPUR 591
AMARILLO, TX 79107

UNSWORN DECLARATION

I, Ronroyal J. Owens, do declare under the penalty of perjury that the foregoing is true and correct. Executed on this 8th day of June, 2015.

RONROYAL J. OWENS

CAUSE NO._____

IN THE COURT OF CRIMINAL APPEALS

IN RE RONROYAL J. OWENS,

Relator

From the 283rd Court of Dallas Courty, Texas

---

**PETITION FOR WRIT OF MANDAMUS**
AND/OR

**PETITION FOR WRIT OF CERTIORARI**
AND/OR

**PETITION FOR WRIT OF PROCEDENDO**
(in F98-01040-T)

---

RONROYAL J. OWENS
851492 NEAL UNIT
9055 SPUR 591
AMARILLO, TX 79107
Relator - Pro Se

CAUSE NO. _____

IN RE RONROYAL J. OWENS

Relator

---

IDENTITY OF PARTIES

---

The following is a complete list of parties, the attorneys, and any other person who has an interest in the outcome of this lawsuit:

1. Relator, Ronroyal J. Owens, TDC# 851492, at Nathaniel J. Neal unit, 9055 Spur 591, Amarillo, Tx 79107.

2. Respondent, the Hon. Rick Magnis, Judge, 283rd Judicial District Court, Dallas County, Texas.

3. Real Party in interest, the Hon. Susan Hawk, Dallas County District Attorney, Frank Crowley Courts Bldg. 133 N. Riverfront Blvd. LB 19, Dallas, Tx 75207-4399

## TABLE OF CONTENTS

IDENTITY OF PARTIES .............................................................i

INDEX OF AUTHORITIES ..........................................................iii

INTRODUCTION ...................................................................v

STATEMENT OF THE CASE .........................................................vi

STATEMENT OF JURISDICTION .....................................................vii

ISSUES PRESENTED .............................................................vii

STATEMENT OF FACTS ............................................................1

ARGUMENT

    Issue 1: The trial court's judgments nunc pro tunc entering Michelle Moore
        as Owens's counsel is void ......................................6

    Issue 2: The trial court's convictions and sentences are void due to Owens'
        lack of representation ..........................................13

    Issue 3: The trial court failed to pronounce Owens' sentence in F98-01040
        in his presence .................................................21

    Issue 4: The trial court's judgmentsheets are void in F98-01040.........24

PRAYER .......................................................................31

CERTIFICATION ................................................................32

UNSWORN DECLARATION ..........................................................32

APPENDIX

TEXT OF RULES AND LAWS

# INDEX OF AUTHORITIES

## CASES

Allen v. State, 20 S.W.3d 164 (Tex..App.-Texarkana 2000)..................6, 12

Bowens v. Carnes, 343 S.W3d 805 (Tex.Crim.App. 2011).........................7

Braxton v. Dunn, 803 S.W.2d 318 (Tex.Crim.App. 1991)....................7, 13

Collins v. State, 240 S.W.3d 925 (Tex.Crim.App. 2007)...........6, 7, 9, 10, 25

Collins v. State, 257S.W.3d 816 (Tex.App.-Texarkana 2008).................13

Davis v. State, 195 S.W.3d 708(Tex.Crim. App. 2003).........................20

Dickson v. State, 988 S.W.2d 261 (Tex.App.-Texarkana, 1998,pet. ref'd).......6

Eidson v. Edwards, 793 S.W.2d 1 (Tex.Crim.App. 1990).................6, 13, 24

Empy v. State, 571 S.W.2d 526 (Tex.Crim.App. 1978)..................14, 16,19

Ex parte Beck,922 S.W.2d 181 (Tex.Crim.App.1996)..........................13

Ex parte Brand, 822 S.W.2d 636 (Tex.Crim.App. 1992).....................21, 26

Ex parte Davis, 947 S.W.2d 216 (Tex.Crim.App. 1996).......................13

Ex parte Dickerson, 702 S.W.2d 657 (Tex.Crim.App. 1986)..................7, 25

Ex parte Gonzales, 945 S.W.2d 830 (Tex.Crim.App. 1997)..........14, 16, 19, 20

Ex parte Madding, 70 S.W.3d 131 (Tex.Crim.App. 2002).......................25

Exparte McCain, 67 S.W.3d 204 (Tex.CrimApp. 2001)........................13

Ex parte Seidel, 39 S.W.3d 221 (TexCrim.App 2001)........................26

Ex parte Stanford, 571 S.W.2d 28 (Tex.CrimApp. 1978).......................14

Ex parte Williams, 65 S.W.3d 656 (Tex.Crim.App. 2001).....................13

Fanniel v. State, 73 S.W.3d 557 (Tex.App.-Houston

[1st Dist] 2002).........................................7, 11, 25, 30

General Motors v. Gayle, 951 S.W.2d 469 (Tex.1997).........................13

In re Dickason, 987 S.W.2d 570 (Tex.1998)(Orig. proceeding)..........6, 13, 24

In re Fuselier, 56 S.W.3d 265 (Tex.App.-Houston

[1st Dist.] 2001).....................................7, 10, 24, 25

~~In re Hancock, 212 S.W.3d 922 (Tex.App. Fort Worth 2007)~~ ~~7, 11, 13~~

In re Gooch, 153 S.W.3d 690 (Tex.App.–Tyler 2005)......................6, 13,24

In re hancock, 212 S.W.3d 922 (Tex.App.–Fort Worth 2007)............7, 11, 13

In re Risley, 190 S.W.3d 853 (Tex.App.–Fort Worth 2001)...........21, 22, 23

In re Rubio, 55 S.W.3d 238 Tex.App.–Corpus Christi 2001).................7, 26

Jones v. State 797 S.W.2d 33 (Tex.Crim.App.1990)......................2, 24, 25

Jones v. State, 795 S.W.2d 199 (Tex.Crim.App. 1990)..................9, 25, 27

Lanford v. Fourteenth Court of Appeals, 847 S.W.2d581 (Tex.Crim.App1993)....21

Mizell v.State, 119 S.W.3d 804 (Tex. Crim.App. 2003)........................13

Nix v. State,65 S.W.3d 664(Tex.Crim.App. 2001)......................14, 19, 29

Oliver v. State, 872 S.W.2d 713 (Tex.Crim.App. 1994)............14, 15, 16, 20

Porter v. Vick, 888 S.W.2d 789 (Tex. 1984).................................14

Simon v. Levario, 306 S.W.3d 318 (Tex.Crim.App. 2009).......................7

Smith v. State, 15 S.W.3d 294 (Tex.App.–Dallas 2001)............6, 9, 10, 25

State v. Aguilera, 165 S.W.3d 695 (Tex.Crim.App. 2008).................21, 22

State ex rel. Sutton v. Bage 827 S.W.2d 55 (Tex.Crim.App. 1992)..........6, 13

Stearnes v. Clinton, 780 S.W.2d 216 (Tex.Crim.App. 1989) ...7,8,11,12,15,20,26, 28, 30

Thompson v. State, 108 S.W.3d 287 (Tex.Crim.App. 2003)..............26, 27, 28

Urbish v. 127th Judicial Dist. Court,

    708 S.W.2d 429 (Tex. 1986)......................................6, 14, 20, 24

Walker v. Packer, 827 S.W.2d 833 (Tex. 1992).............................6, 24

Williams v. State, 194 S.W.3d 568 (Tex.App.–Houston

    [14th Dist.] 2006).................................................14, 20

## CODES

Tex. Code Crim. Proc.

    42.03, §1(a)......................................................21, 22, 23

    42.09, §1...............................................................23

CAUSE NO. _____

IN RE RONROYAL J. OWENS

Relator

---

RELATOR'S PETITION FOR WRIT OF MANDAMUS
AND/OR
RELATOR'S PETITION FOR WRIT OF CERTIORARI
AND/OR
RELATOR'S PETITION FOR WRIT OF PROCEDENDO
(IN F98-01040-T)

---

Relator, Ronroyal J. Owens, submits these petitions for writ of mandamus, writ of certiorari and writ of procedendo complaining of the orders of the Honorable Molly Francis (former presiding judge) and the Honorable Rick Magnis, current presiding judge of the 283rd Court of Dallas County, Tesxas. For clarity, relator is referred to as Ronroyal Ownes; respondent, the Honorable Molly Francis and the Honorable Rick Magnis, is referred to by name; and the real party in interst is referred to as real party in interest / the Honorable Susan Hawk (Dallas County District Attorney).

v

## STATEMENT OF THE CASE

Relator, Ronroyal Owens, filed a motion for a judgment nunc pro tunc for the trial judge to correct the court's records by removing the Honorable Michelle Moore from the judgment as Owens' attorney, but the trial court denied Owens's request.

The respondent is the Honorable Rick Magnis, presiding Judge of the 283rd Judicial District Court of Dallas County, Texas.

Judge Rick Magnis lacked authority to enter Michelle Moore in the trial court's judgment as Owens' attorney when Moore was never appointed to represent him and no documented proof of Moore's appointment exists.

Relator filed a petition for writ of mandamus in the Fifth Court of Appeals on February 6, 2012. The panel that considered the petition consisted of Justices Morris, Ricther and Lang-Miers.

The court of appeals denied the relief requested in the petition on February 16, 2012.

1. Justice Richter wrote the opinion for the panel.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus, writ of certiorari and writ of procedendo. See Tex.Const. art. 5, §5(c), Article 4.04, § 1 of the Code of Criminal Procedure and the Texas Rules of Appellate Procedure 72.1

This petition for writ of mandamus was first filed in the Fifth Court of Appeals, which denied the relief requested. See Tex.R.App.P. 52.3(e). A copy of the order denying the petition is included in appendix 19.

vi

## ISSUES PRESENTED

Issue 1: The trial court's August 31, 2009 judgment and sentence nunc pro tunc and October 31, 2011 subsequesnt judgment and sentence nunc pro tunc, judgment and sentence and order entering Michelle Moore as Owens' counsel is void.

Issue 2: The trial court's December 2, 1998, judgment of conviction and sentence is void due to Owens' lack of representation.

Issue 3: The trial co8urt failed to pronounce Owens' sentence in cause number F98-01040-T in his presence as required by article 42.03, §1(a) of the Code of Criminal Procdure.

Issue 4: The trial court's original judgment sheet, corrected judgment sheet, August 31, 2009 judgment and sentence nunc pro tunc and October 31, 2011 subsequesnt judgment and sentence nunc pro tunc are void in cause number F98-01040-T.

STATEMENT OF FACTS

Relator, Ronroyal J. Owens, initially retained the Honorable Catherine Shelton as his attorney on June 15, 1998 (appendix 1). On July 15, 1998, the trial court approved Shelton to be "counsel for Defendant Ronroyal J. Owens" (appendix 2). Shelton actively represented him until she finally filed motions for a new trial in his cases on December 11, 1998 (appendix 3).

But nine days earlier, on December 2, 1998, Judge Molly Francis held court proceedings in causes F97-75579 and F98-67384 because she "realized that [she] had neglected to actually find [Owens] guilty" (appendix 4(c) lines 3-4) and that she needed to correct this "mistake" (appendix 4(d) line 9). Shelton, however, was completely absent from the proceedings and the trial judge said she had "been unable to get Ms. Shelton to come" (appendix 4(b), lines 5 & 6) and had "tried repeatedly to get ahold of Ms. Shelton (appendix 4(c), lines 1&2)....to come[, but s]he... refused to respond to phone calls, has refused to come down, [and] has refused to send anybody down to represent her office" (appendix 4(c), lines 10-12).

Despite Shelton's total absence, Judge Francis still found Owens guilty "in each of the above numbered causes [F97-75579-T & F98-67384-MT] .... and set ... punishment in each case ... at 20 years confinement in the state penitentiary" (Appendix 4(d) , lines 12 & 15-16).

While Shelton was completely absent from the December 2nd hearing, "Ms. Michelle Moore, the public defender out of [Judge Francis'] court" was present (appendix 4(b), line 10). But the reporter's record does not reflect Judge Francis appointing Moore as Owens' counsel for the proceedings and neither does the trial court's docket sheets (appendixes 4(b-d) and 5).

Prior to being convicted and sentenced on December 2, 1998, Owens did **not** declare himself indigent, hed did not request the appointment of the public defender nor did he execute a waiver of counsel.

After the trial court convicted and sentence Owens, then it informed him "[n]ow, Ms. Moore can talk to you about anything..." (appendix 4(e), line 4) and had Moore to step in and assist him with filing his notices of appeal and motions for a new trial. Even though Owens had filed a pro se notice of appeal two days earlier (appendix 6), Judge Francis still instructed "Ms. Moore ... to check th[e] files and be sure that there is a notice of appeal, an appropriate notice of appeal... [and to] do the pauper one... while Mr. Owens is here" (appendix 4(e), lines 17-20). The trial court told Ms. Moore to "make sure everything that needs to be signed gets signed and... write down the name ... of [Owens' appellate] attorney" (appendix 4(f), lines 3-6). Finally, during the proceeding, the trial judge had "Ms. Moore ... file a motion for new trial" (appendix 4(h), line 21 and appendix 7).

Moore filed the motions for a new trial and the notices of appeal in cause numbers F98-01040 & F98-67384 on Owens' behalf on December 2, 1998 (appendixes 7 &8). Afterwards, the trial judge made a "12/2/98" entry in the docket sheet showing that the "[n]otice of appeal [was] filed with assistance of P D [public defender]" and "[n]otice of appeal filed -P D assisted" (appendix 5).

Next, Judge Francis entered judgmentsheets in cause numbers F98-01040 & F98-67384 listing Owens' conviction date as "11/13/98" and "Catherine Shelton as the attorney for Defendant Owens" (appendix 9). Later, the trial

court entered "corrected judgment" sheets in F98-01040 & F98-67384 without notifying Owens (appendix 10(a-b)). Owens is currently serving time in TDCJ in cause numbers F98-01040-T and F98-67384-MT. See appendix 11 (a-b).

Ten years after Judge Francis convicted him, Owens filed his initial Motion for Entry of Nunc Pro Tunc Judgment asking the Hon. Rick Magnis, the new presiding judge of the 283rd Judicial Distric Court, to make the record "accurately reflect... December 2, 1998 as Owens' conviction date, the start of his sentence and his representation by attorney Michelle Moore" (appendix 12(e)). Judge Magnis granted the motion and entered a judgment and sentence nunc pro tunc showing that "Owens was convicted ... on December 2, 1998" and "was represented by the Hon. Michelle Moore... on December 2, 1998". See appendix 13.

After Owens had filed this motion, he received two letters from Moore which caused him to suspect that Moore was **not** his attorne. Moore informed Owens:

> "Judge Francis had me step in for the final part of the sentencing phase.... Since I was the public defender in Judge Francis' court, she had me step in for the formal sentencing" (appendix 14); and

> "Judge Francis had me stand in for Catherine Shelton on you sentencing [because] your attorney, Catherine Shelton failed to appear for the sentencing" (appendix 15).

When Owens motioned the trial court for a copy of Moore's attorney-client file, Judge Magnis inquired into the matter and Moore responded:

> "Dear Judge Magnis: [¶] I have no file on Ronroyal Owens. I never had a file on that case since I was pulled in to stand with Mr. Owens on the verdict only. Catherine Shelton was the attorney of record..." (appendix 16).

Because Moore denied being Owens' attorney-of-record and claimed that Judge Francis only had her "step in," "stand in," and "stand with" him for the December 2nd proceeding, Owens perused the court reporter's record and found that Judge Francis only stated that she "was going to appoint [Owens]

number one, a lawyer to sit in with [him]" (appendixes 4(c), lines 24 & 25 and 4(d), line 1), but the court never - orally nor formally on the record - appointed Moore as Owens' counsel. See appendix 4(b–d). Even the judg's docket sheets fail to reflect Moore's appointment as his counsel (appendix 5).

Realizing this, Owens filed a second Motion to Correct Judgment and Sentence by Nunc Pro Tunc and presented Moore's letters as "new information" and proof that Moore was **not** his attorney - along with the December 2nd reporter's record and the court's docket sheets (appendix 17(a-f)). Using these doc uments as evidence, Owens requested that his judgment "correctly demonstrate that...Shelton was [his] attorney of record and that ... Moore was never appointed to represent [him]" (appendix 17(e)). Specifically, Owens argued that-

> "the law require[d] that the judgment accurately reflect [his] attorney of record and 'its entry [into the judgment] [wa]s a ministerial act' for the courtto perform [and]... [t]he 'Judgment and Sentence'... c[ould] only reflect... Shelton was [his] attorney of record through 12/11/98 because that's what actually occurred under Judge Francis..." (appendix 17(d)).

Owens even apologized to the trial court for incorrectly asking it to enter Moore in the judgmet as his counsel and explained that he was "confused about [his] representation... on [D]ecember 2nd" (appendix 17(d)).

The trial court realized that "Catherine Shelton was the actual attorney who was still representing Owens" but it relied solely on Moore's unverified letters to make the following ruling:

> "Because Michelle Moore did stand-in as counsel... and because Owens was also still being represented by.... Shelton, the Court is granting the motion nunc pro tunc to the extent of directing that the judgment reflect that Owens was represented by...Shelton <u>and</u> ...Moore." See Appendix 18(b).

The trial court denied Owens' request to remove Moore from the record as counsel.

Owens filed a Petition for Writ of Mandamus challenging the trial court's adverse ruling and on February 16, 2012, the Fifth Court of Appeals in Dallas, Texas denied Owens' writ of mandamuus (appendix 19) and his motion for a rehearing (appendix 20).

Finally, to eliminate any questions about Moore's appointment as Owens's counsel on December 2, 1998, Owens asked the Dallas County District Clerk for a certified copy of the trial court's order appointing Moore as his counsel (appendix 21). The clerk responded:

> "Mr. Owens, ¶ Our department scanned your case file and did not find any documentation electing Michelle Moore as counsel."

Appendix 22.

Now, after review in the court of appeals, Owens come to this Court of Criminal Appeals for mandamus relief in this case.

ARGUMENT

Issue 1: The trial court's August 31, 2009 judgment and sentence nunc pro tunc and October 31, 2011 subsequent judgment and sentence nunc pro tunc, judgment and sentence and order entering Michelle Moore as Owens's counsel is void.

**ARGUMENT & AUTHORITIES**

Mandamus is an extraordinary remedy that the Court of Criminal Appeals grant sparingly. State ex rel. Sutton v. Bage, 822 S.W.2d 55, 57 (Tex.Crim. App. 1992). It should be granted only when the trial court has clearly abused its deiscretion and no adequate remedy by appeal exists. Walker v. Packer, 827 S.W.2d 833,839-840(Tex.1992). Ordinarily a relator must show that he has no adequate remedy to appeal, but a trial court's adverse ruling on a movant's motion for a judgment nunc pro tunc is not appealable and can only be attacked by a writ of mandamus. Allen v. State, 20 S.W.3d 164,165(Tex.App.- Texarkana 2000). Also, a void judgment claim is an exception to this rule. In re Gooch, 153 S.W..3d 690, 693(Tex.App.-Tyler 2005).

Mandamus is therefore appropriate to set aside or correct a trial court's void order. In re Dickason, 987 S.W.2d 570,571(Tex.1998)(Orig. proceeding); Urbish v. 127th Judicial Dist. Court, 708 S.W.2d 429,431(Tex.1986); and Eidson v. Edwards, 793 S.W.2d 1,5(Tex.Crim.App. 1990). An order is void when a trial court has no power or jurisdiction to render it. Urbish v. 127th Judicial Dist. Court, 708 S.W.2d at 431.

In nunc pro tunc proceedings, trial courts do not have authority to "change the court's records to reflect what it believes shold have been done... [because] there must be proof that the proposed judgment was actually rendered or pronounced" and "actually happened in court." Collins v. State, 240 S.W.3d 925,928(Tex.Crim.App.2007); Smith v. State, 15S.W.3d 294,299(Tex.App- Dallas 2001). Trial judges are also prohibited from correcting judicial errors and omissions through a judgment nunc pro tunc. See Dickson v. State, 988

S.W.2d 261,264(Tex.App-Texarkana,1998, pet.ref'd); Ex parte Dickerson, 702 S.W.2d 657,658(Tex.CrimApp.1986). When a judgment nunc pro tunc corrects a judicial error, the judgment is void and the matter becomes reviewable only by a writ of mandamus. See Fanniel v. State, 73 S.W.3d 557,560(Tex.App.-Houston [1st Dist.] 2002);In re Fuselierr, 56 S.W.3d 265,267(Tex.App-Houston [1st Dist] 2001); and In re Hancock, 212 S.W.3d 922,927(Tex.App-Fort Worth2007) Under review, however, the relator must demonstrate that the act which he seeks to compel is ministerial, Braxton v. Dunn, 803 S.W.2d 318,320(Tex.Crim. App.1991), because "the facts and circumstances dictate but one rational decision under unequivocal, well-settled...clearly controlling legal principles" and the facts are indisputed" and "the law clearly spells out the duty to be performed... with such certainty that nothing is left to the exercise of discretion or judgment." See Bowens v. Carnes, 343 S.W.3d 805,810(Tex.Crim App. 2011); Simon v. Levario, 306 S.W.3d 318,321,n.6(Tex.Crim.Appp2009).

Trial courts always have a ministerial duty to vacate and withdraw void judgments and orders because they lack authority to enter these rulings in the first place. In re Ruio, 55 S.W.3d 238,241(TexApp.-Corpus Christi 2001); Stearnes v. Clinton, 780 S.W.2d 216,220(Tex.Crim.App 1989).

Judge Rick Magnis' failure to remove Michelle Moore from the judgment as representing Owens - and as requested by Owens - is a failure to perform a ministerial function under the facts of this case, because Judge Magnis lacked authority to enter a judgment nunc pro tunc (reflecting that Moore represented Owens) without proof that the trial court appointed Moore as Owens' counsel. Collins v. State, 240 S.W.3d 925,928(TexCrimApp 2007).

Therefore, the trial court's August 31, 2009, and October 31, 2011, judgments nunc pro tunc are void and Judge Magnis now has a ministerial duty to vacate them. Stearnes v. Clinton, 780 SW.2d at 220.

In Stearnes v. Clinton, this Court explained that "'[i]f [a trial judge] did not have authority [to make his rulings] it [i]s his ministerial duty to vacate the orders.'" 780 S.W.2d at 220. Here, Judge Rick Magnis did not have the authority to enter Michelle Moore in the court's records as Owens' counsel because the court reporter's record, the trial court's records and the district clerk's records demonstrate that Judge Molly Francis (the original presiding judge) never rendered, pronounced nor ordered the appointment of Moore as Owens' attorney.

### 1. The Court Reporter's Record

According to the reporter's record, Michelle Moore was, indeed, present at the December 2nd hearing, but no where does it reflect Judge Francis "rendering" or "pronouncing" Moore's appointment as Owens' counsel. This fact is evident in the first three pages of the trial judges exchange with Owens before and while the court was convicting and sentencing him to prison. Appendix 4(b-d).

### 2. The Trial Court's Records

Likewise, the trial court's docket sheet entries and notations on "12/2/98" fail to reflect the appointment of Moore to represent Owens bbefore or during his formal adjudication and sentencing (appendix 5). Even Judge Francis' judgment sheets and "corrected" judgment sheets - which accurately reflect Catherine Shelton as Owens' only counsel - do not list Moore as Owens' attorney (appendixes 9(a & b) and 10(a & b)).

### 3. The District Clerk's Records

Finally, when Judge Rick Magnis denied Owens' request to remove Moore from the records as his attroney, Owens wrote the Dallas County District Clerk for clarification about Moore's representation and requested a copy of Judge Francis' order appointing Moore as his counsel (appendix 21). The clerk confirmed Owens' claim that Moore was **not** his attorney by responding:

> "Mr. Owens,[¶] Our department scanned your case
> file and did not find any documentation electing
> Michelle Moore as counsel"

Appendix 22. The court reporters record, the trial court's docket sheets and judgment sheets and the district clerk's records are ineluctable proof that Judge Molly Francis never appointed Moore to represent Owens in 1998.

Under these circumstances, Texas law is well-settled that trial judges do not have the authority to enter a judgment nunc pro tunc to change the records when there is no proof "that the event in question actually occurred" nor was rendered or prone earlier. See Jones v. State, 795 S.W.2d at 201; Smith v. State, 15 S.W.3d at 299; Collins v. State, 240 S.W.3d at 298.

Based on State law, Judge Magnis lacked the authority to enter a judgment nunc pro tunc and a subsequent judgment nunc pro tunc "directing that the judgment reflect that Owens was represented by... Michelled Moore" (appendixes 13 & 18(b)) when there simply is no proof thatJudge Molly Francis ever rendered or pronounced Moore as Owens' attorney. See Collins v. State, 240 S.W.3d at 928 and Jones v. State, 795 S.W.2d at 201, n.7. Put another way, before Judge Magnis could have any authority to enter a judgment nunc pro tunc reflecting Moore as Owens' counsel – some 13 years later, there needed to be proof that back in 1998 Judge Molly Francis (the original judge in the proceedings) actually rendered a judgment or issued an order appointingMoore as Owens' attorney. But here, there is a complete absence of "any documen-

tation electing Michelle Moore as [Owens'] counsel" (appendix 22). Without any actual proof of Moore's appointment, Judge Magnis erred and abused his discretion in finding that "...Michelle Moore did stand-in as counsel" (appendx 18(b)) and therefore he lacked authority to dirct Moore's entry into the records as representing Owens.

Moreover, Judge Rick Magnis was without any authority to enter a Judgment nunc pro tunc and subsequent judgment nunc pro tunc "directing that the judgment reflect that Owens was represented by... Moore" (appendixes 13 & 18(b)) because these entries actually corrected a judicial omission and error that was committed by Judge Molly Francis over a decade ago. Since the records prove that Judge Francis never appointed, rendered nor pronounced Moore to be Owens' attorney, this omission was a judicial error made by Judge Francis and **not** a clerical error. The law unequivocally states that a judgment nunc pro tunc **may not correct judicial omissions and errors.** See In re Fuselier, 56 S.W.3d at 267 and Smith v. State, 15 S.W.3d at 299. Even if Judge Magnis believed that his predecessor (Judge Francis) really meant to appoint Moore, Judge Magnis still could not enter a subsequent judgment nunc pro tunc correcting Judge Francis' "omission or error" nor could he change the recors to "reflect what [he] believes should have been done" during the December 2nd proceedings. Smith v. State, 15 S.W.3d at 299 and Collins v. State, 240S.W.3d at 928.

Thus, Judge Rick Magnis' judgment nunc pro tunc and subsequent judgment nunc pro tunc correcting Judge Francis' judicial error (in failing to actually appoint Moore), exceeded his authority and involved a judicial determination that Moore represented Owens. This act of judicial reasoning rendered the

trial court's judgments void. See Fanniel v. State, 73 S.W.3d at 560 and In re Hancock, 212 S.W.3d at 927 (stating that judgments nunc pro tuncs must be free from judicial reasoning otherwise they are void).

In this situaltion, the law plainly states that "a judge who enters a void [judgment] has a ministerial duty to vacate the order" because either he lacked authority to enter the ruling or his ruling exceeds the court's jurisdiction. See Stearnes v. Clinton, 780 S.W.2d at 220 and Inre Rubio, 55 S.W.3d at 241. Here, Judge Magnis lacked the authority to enter a judgment nunc pro tunc showing Moore as Owens' counsel and directing that the judgment "reflect that Owens was represented by...Moore." when Judge Molly Francis never appointed Moore as Owens's attorney. Thus his judgments entering Moore as Owens's counsel exceeded the trial court's authority and were the product of judicial reasoning.

Under controlling law, the circumstances and facts of this case dictate one rational course for the trial court to follow: to vacate that part of the August 31, 2009 and October 31, 2011 Judgment nunc pro tunc and subsequent judgment and sentence "directing that the judgment reflect Owens was represented by ...Moore."

Owens has a clear right to the relief sought for the following reasons:

1. The facts and circumstances dictate one rational decision under unequivocal and well-settled law. Specifically, the court's records demonstrate that Judge Molly Francis never appointed Michelle Moore to representOwens, therefore Judge Rick Magnis lacked authority to enter Moore in the records as Owens' attorney by judgments nunc pro tunc. Consequently, JudgeMagnis' judgments nunc pro tunc are void and he is there-

fore duty-bound to vacate that protion of the August 31, 2009 and October 31, 2011 nunc pro tuncs naming Michelle Moore as representing Owens. Stearnes v. Clinton, 780 S.W.2d at 220.

2. Because the trial court's judgment nuncpro tunc and subsequent judgment nunc pro tunc are void, it has a ministerial duty to vacate it's rulings that Moore represented Owens, and this ia a ministerial act that Owens seeks to compel.

3. Owens has no adequate remedy at law to appeal Judge Magnis' denial of Owens' request to remove Moore from the records as his attorney, therefore he must seek mandamus relief. Allen v. State, 20 S.W.3d at 165.

4. Owens has a clear right to have the records "speak the truth" regardingwhat actually occurred in court on December 2, 1998 and to have the untrue, unverified and unsubstantiated statements and ruling removed thereby eliminating any and all confusion concerning Owens' representation.

Issue 2: The trial court's December 2, 1998, judgment of conviction and sentence is void due to Owens' lack of representation.

## ARGUMENT & AUTHORITIES

Mandamus is an extraordinary remedy that the Court of Criminal Appeals grants sparingly. State ex rel. Sutton v. Bage, 822 S.W.2d 55, 57(Tex.Crim.App 1992). The party seeking mandamus must demonstrate that (1) the act sought to be compelled is purely ministerial; and (2) there is no other adequate remedy of law. Braxton v. Dunn, 803 S.W.2d 318,320(Tex.CrimApp.1991). But a void judgment is an exception to the no-adequate-remedy rule. See In re Gooch, 153 S.W.3d 690,693(Tex.App.-Tyler 2005). Ordinarily, a void judgment of conviction is reviewable in habeas corpus proceedings. See Collins v. State, 257 S.W.3d 816,817(Tex.App-Texarkana 2008); Exparte McCain., 67 S.W.3d 204,207, n.7 (Tex.Crim.App. 2001); Ex parte Davis, 947 S.W.2d 216(Tex.Crim.App 1996). But where a party is entitled to a writ of mandam us on one issue, judicial economy dictates that this Court of Criminal Appeals "should remedy the trial court's [void judgment] by mandamus" – even though an adequate remedy by writ of habeas corpus is available. See General Motors Corp. v. Gayle, 951 S.W.2d 469, 477 (Tex. 1997). Also, a void judgment may be raised at any time and any court with jurisdiction over a criminal case can "notice" and "correct" an illegal sentence. See Exparte Beck, 922 S.W.2d 181182 (Tex.Crim.App 1996); Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App.2003); and Exparte Williams, 65 S.W.3d 656(Tex. Crim.App. 2001).

Mandamus is , therefore, appropriate to set aside a trial court's void order or to recind a void order. See In re Hancock, 212 S.W.3d 922,926 (Tex. App.-Fort Worth 2007); In re Dickason, 987 S.W.2d 570,571(Tex 1998) (orig. proceeding); and Eidson v. Edwards, 793 S.W.2d1,5 (Tex.Crim.App.1992)

and Porter v. Vick, 888 S.W.2d 789 (Tex. 1984).

An order or judgment is void when a trial court lacks authority to render it. See Urbish v. 127th Judicial District Court, 708 S.W.2d 429, 431 (Tex.1986).

In criminal proceedings, "[t]he Sixth and Fourteenth Amendments...guarantee that a person brought to trial in any state... must be afforded... counsel before [] he can be validly convicted and punished by imprisonment." See Williams v. State, 194 S.W.3d 568,576 (Tex.App-Houston[14th Dist.] 2006). Therefore, if a Texas criminal defendant is not informed of his right to counsel, then his "incarceration arising out of the conviction... is void." Exparte Gonzales, 945 S.W.2d 830,836 (Tex.Crim.App.1997). Or, if an accused "is required to face criminal trial proceedings without []counsel, when such has not been waived," this too is a void proceeding. See Nix v. State, 65 S.W.3d664,668 (Tex. Crim. App. 2001). Whenever a criminal defendant is denied his constitutional right to representation (without waiving counsel), this Court of Criminal Appeals declares the conviction to be void because a "'defendant is not punishable by imprisonment if he is unrepresented by counsel unless he waives counsel!" See Ex parte stanford, 571 S.W.2d 28(Tex. Crim. App. 1978) and Empy v. State, 571 S.W.2d 526, 528 (Tex.Crim.App.1978).

Thus when a criminal defendant appears in court without counsel (and has not waived representation), Texas trial judges **may not** conduct any adversarial judicial proceedings with respect to formal charges until the accused is represented by an attorney." Oliver v. State, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994).

Ultimately, it is a trial court's ministerial duty to vacate and withdraw its void judgment when it lacked the authority to render it. Stearnes

v. Clinton, 780 S.W.2d 216, 220 (Tex.Crim.App. 1989).

In this case, Judge Molly Francis (the original presiding judge) lacked authority to convict, sentence and imprison Owens on December 2, 1998, because he stood before her totally unrepresented by counsel and had not waived his right to representation.

The trial court's docket sheets show that on "12/2/98" the trial judge specifically brought Owens to court to expressly find him guilty and to sentence him to "20years confinement" (appendix 5). But the court reporter's record also reflects that Catherine Shelton, Owens' retained lawyer, did not attend the preceedings and that the trial court "ha[d] been unable to get Ms. Shelton to come" to the hearing (appendix 4(b), lines 5 & 6). During the proceedings, Judge Francis explained to Owens that she attempted to contact his attorney as follows:

> "I have tried repeatedly to get ahold of Ms. Shelton to ask her to come back down her because ... I realized that I had neglected to actually find you guilty.... I tried to get Ms. Shelton to come. She has refused to respond to phone calls, has refused to come down, has refused to send anybody down to represent her office."

Appendix 4 (c), lines 1-2,3-4, 9-12.

Despite the trial judge's failed efforts to secure Shelton's presence to represent Owens at the hearing, Judge Francis still went ahead and found him guilty and "set his punishment... at 20 years confinement in the state penitentiary" (Appendix 4(d), lines 15-16) -without affording him any representation.

According to this Court's holding in Oliver v. State, the trial court was prohibited to proceed as it did. When Owens entered the courtroom without his retained lawyer (Shelton) and the the trial court had informed him that it had "been unable to get Ms. Shelton to come in..."(appendix 4(b), lines

5 & 6), instantly, the trial judge was precluded from convicting, sentencing and imprisoning Owens until he was lawfully represented by an attorney. 872 S.W.2d at 716; Empy v. State, 571 S.W.2d at 528. The Oliver- Court ruled that in this situation Judge Francis actuually had a ministerial duty to conduct a thorough examination of Owens to discrn "why" he was without counsel and to protect his Sixth Amendment right-to-counsel. The trialjudge's inquiry needed to:

> 1). make sure Owens "underst[oo]d the importance of legal counsel" a the December 2, 1998, proceeding;
>
> 2). determine if Owens "desire[d] and [wa]s eligihble for appointment of counsel";
>
> 3). make Owens "actually aware of his right to retain ahn attorney;"
>
> 4). "discover whether [Owens] intend[ed] to do so;"
>
> 5). give him "sufficient opportunity to retain one;"
>
> 6). not conduct **"any adversary judicial proceedings** with respect to formal charges until [Owens wa]s represented by an attorney;" and
>
> 7). "assess [] [whether Owens] waive[d]... counsel."

Oliver v. State, 872 S.W.2d at 715-716.

At the bare minimum, Judge Francis had "the duty to assure that [Owens] was aware of h[is] right to retain an attorney or to be appointed counsel if the court determine[d] [] he was indigent." See Ex parte Gonzales, 945 SW. 2d at 836-37.

In this case, however, Judge Francis completely failed to conduct the requisite Oliver-inquiry when she brought Owens into her courtroom to convict and punish him without first affording him any representation. According to the court reporter's record, the full extent of Judge Francis' inquiry into Owens' lone appearance without his counsel on December 2nd consisted of the following exchange:

[THE COURT:]...I have been unable to get Ms. Shelton to come in here...

[THE COURT:]....And I talked to you yesterday about your ability to talk to Ms. Shelton, and you told me you had been unable to get in touch with her.
  THE DEFENDANT: Same problem.

[THE COURT:] And I told you that I needed to do this...

....And what were we going to doabout. not getting her down here and you told me yesterday and I am going to ask you today if that is, in. fact, correct that in your opininon Ms. shelton no longer represents you;; is that correct?
  THE DEFENDANT: That is correct.
  THE COURT: And I told you that I was going to need to bring you down today. and was going to appoint you,

number one, a lawyer to sit in with you today and to talk to you about this and then, number two, to appoint you a lawyer to handle your appeal...

See appendixes 4(b), lines 5 & 6; 4(c), lines 12-15, 17 & 19-25; & 4(d), lines 1-3.

Based on this exchange, Judge Francis' examination into Owens' lack of counsel woefully failed to meet the inquiry requirement set forth in Oliver. Here, the trial judge merely recounts how both she and Owens were "unable" to get in touch with Shelton and how Owens (mistakenly) believed that Shelton no longer represented him. But the truth is that Shelton actually contunued to active ly represent Owens for nine more days - until 12/11/98 by filing a motion for a new trial on his behalf (appendix 3). While the trial judge stated that she was "going to appoint [Owwens]... a lawyer to sit in with [him] today and to talk about this," actually, Judge Francis never appointed a lawyer to sit with Owens and to talk to him about the proceeding he faced and his imminent fate of a maximum sentence being imposed. The trial court never informed Owens of his right to retain counsel for the hearing nor did it afford him an opportunity to retain one. No Oliver-styled examination

was conducted in order to safeguard and grant Owens his right-to-counsel in this case.

Even though Judge Francis commenced the proceedings by announcing that "M[r]. Owens is **present** with Ms. Michelle Moore, the public defender out of this court" (appendix 4(b), lines 9 & 10), the judge **did not** say Owens was "represented" by Moore. Therefore, this statement cannot be interpreted to mean that Moore was "representing" Owens during the conviction and sentencing phase of the proceedings because the court records show that Judge Francis never appointed Moore as Owens' counsel. This fact was made undeniably clear after Owens wrote the Dallas County District Clerk for a copy of the trial court's order appointing Moore as his attorney (appendix 21). In response, the clerk informed Owens that:

> "Our department scanned your case file
> and did not find any documentation
> electing Michelle Moore as counsel"

Appendix 22.

Since the reporter's record and the clerk's records do not reflect Judge Francis appointing Moore, then Moore did not lawfully represent Owens on December 2, 1998. Buth the trial court's docket sheets do reveal, however, that Moore was waiting to step in and assist Owens in filing his notices of appeal — as per the court's instructions (appendix 5). The reporter's record also confirms this fact because it shows that the trial court involved Moore in the proceedings only **after** it had convicted and punished Owens. The Court stated the following upon convicting Owens:

> "Now, Ms. Moore can talk to you about any thing you want to tlak
> to her about and I will make her available to you before you're
> sent up.... Ms. Moore is going to check those files and be sure
> that there is a notice of appeal, an appropriate notice of appeal.

> Let's do the pauper one so we can put Mr. Conkey on the bottom while Mr. Owens is here.... Ms. Moore will get those files.... and look through that and make sure everything that needs to be signed gets signed, gets you to sign one of the pauper oaths.... [W] need to file a motion for new treial.... Ms. Moore can file a motion for new trial"

Appendixes 4(e), lines 4-6, 17-20; 4(f), lines 1-5; 4(h), lines 16 & 21.

Finally, on December 2nd, when Judge Francis learned that it was Owens' "opinion [that] Ms. Shelton no longer represent[ed]" him (appendix 4(c), line 22) instantly, the judge had a duty to halt the proceedings and to make Owens fully aware of his need to have counsel, his right to retain counsel or his right to be appoin ted representation – if he qualified for and desired such. See Ex parte Gonzales, 945 S.W.2d at 836-37; Oliver v. State, 872 S.W.2d at 716. But the trial court did not perform this ministerial act of informing Owens of his Sixth Amendment rights, instead, it immediately found him guilty and "set [his] punishment... at 20 years confinement in the state penitentiary" (appendix 4(d), lines 14-16) without offering him representation.

Even though Owens mistakenly thought Shelton was no longer his counsel, the trial court was still obligated to conduct the Oliver-inquiry as prescribed by law. Had the trial court did this, then it would haveknown whether Owens "desire[d] and [wa]s eligible for [Moore's] appointment [as] counsel" or "discover[ed] whether [he] intended" to retain other counsel or was even waiving counsel and proceeding pro se.

In this case, Owens **never waived his** Sixth Amendment **right to counsel** at this hearing and nothilng exists in the court records demonstrrating such. See Nix v. State, 65 S.W.3d at 668; Empy v. State, 571 S.W.2d at 568.

This case is simple because the facts are so well-documented in the records that Owens' lawyer (Shelton) was totally absent from the December 2nd proceeding and that Judge Francis never appointed Moore to represent him. Under these circumstances, the law is also well-settled that the trial court did not have the authority to conduct "any adversarial judicial proceedings... until [Owens wa]s represented by an attorney" - absent his waiver of counsel. See Oliver v. State, 872 S.W.2d at 716. Because Owens never waived counsel and was totally unrepresented at the December 2nd proceedings, Judge Francis' judgment of conviction is absolutely void. See Williams v. State, 194 S.W.3d at 576; Ex parte Gonzales, 945 S.W.2d at 837; Davis v. State, 195 S.W.3d at 708 and Urbish v. 127th Judicial District Court, 708 S.W.2d at 431.

Consequently, the 283rd Judicial District Court now has a ministerial duty to vacate and withdraw its judgment of conviction and sentence because it had no authority to render it. See Stearnes v. Clinton, 780 S.W.2d at 220.

Owens has a clear right to the relief sought for the following reasons:

1. The facts and circumstances demonstrate that the trial court convicted and punished Owwens when he was totally unrepresented and had not waived his right to counsel. Thus, the judgment of conviction is void and the trial court has a ministerial duty to vacate and recind its judgment of conviction and sentence.

2. A void judgment can be raised at anytime before a court with jurisdiction over a criminal case and is exempt from the no-adequate-remedy rule for mandamus relief.

3. Judicial economy dictates that this Court should remedy this void judgment claim while Owens is already before this Court on nunc pro tunc matters regarding the same cases and court.

4. The law is replete, "'adefendant is not punishable by imprisonment if he is unrepresented by counsel unless he waive counsel" and a trial court cannot conduct proceedings until he has counsel.

ARGUMENT

Issue 3: The trial court failed to pronounce Owens' sentence in cause number F98-01040-T in his presence as required by article 42.03, § 1(a) of the Code of Criminal Procedure.

**ARGUMENT & AUTHORITIES**

A writ of mandamus is appropriate to compel a ministerial act in criminal matters, but the relator must show that he has no adequate remedy at law. See Lanford v. Fourteenth Court of Appeals847 S.W.2d 581,586 and n. 5 (Tex. Crim.App. 1993).

Because a trial court must pronounce a felony defendant's sentence in his presence, mandamus will lie to compel the trial court to impose a sentence in the presence of a relator, his attorney and the district attorney. See In re Risley, 190 S.W.3d 853, 854,n.2 and 856 (Tex.App-Fort Worth 2006); State v. Aguilera, 165 S.W.3d 695, 697-698(Tex.Crim.App. 2008) and Article 42.03 §1(a), Code of Criminal Procedure.

Also, a writ of procedendo may be issued to instrudct or order a trial court to proceed to judgment - wiithout dictating the judgment to be entered.

Additionally, a writ of certiorari is another available avenue for relief. When there is no right to appeal, this Court of Criminal Appeals may issue this writ in order to ~~in the proceedings of the trial court and to~~ determine whether any irregularities occurred during the proceedings. See Ex parte Brand, 822 S.W.2d 636(Tex.Crim.App. 1992).

In this case, prison records show that Owens has been incarcerated in the Texas Department of Criminal Justice (TDCJ) for over 16 years in cause number F98-01040-T (appendix 11(a-b)), yet the trial judge never orally pronounced his sentence in this cause number in Owens' presence. The court

reporter's record verifies this fact by showing that the trial court specifically called "[c]ause [n]umbers F97-75579 and F98-67384" (appendix 4(b), line 8), set Owens' punishment "in each case... at 20 years confinement in the state penitentiary" (appendix 4(d), lines 15-16) and "confined [him] in the above numbered cases for 20 years" (appendix 4(d), lines 24-25)(emphasis mine).

In the case of Billy Ray Risley, the trial court sentenced him to prison "in abstentia" in June 1990. But 16 years later, Risley "filed a petition for writ of mandamus asking th[e appellate] court to order the trial court to pronounce sentence... in [his] presence" according to article 42.03, section 1(a) of the Code of Criminal Procedure. In re Risley, 190 S.W.3d at 854. The court of appeals held that "mandamus would lie to compel [the] trial court to impose sentence in presence of defendant" (In re Risley, 190 S.W.3d at 853) and that the "trial court abused its discretion by refusing to sentence [Risley] in accordance with the mandates of article 42.03, section 1(a)" (In re Risley, 190 S.W.3d at 856). The court of appeals even noted that "an improperly pronounced sentence is akin to no pronouncement of sentence at all" and conditionally granted Risley's writ of mandamus. See In re Risley 190 S.W.3d at 855-56, and n.7.

Just like Risley's trial court failed to pronounce his sentence in his presence, Owens' trial judge also failed to pronounce his sentence in cause number F98-01040 in his presence, that of his attorney (Catherine Shelton) and the district attorney according to the Tex.Code Crim. Proc. art. 42.03,§1 (a) and State v. Aguilera, 165 S.W.3d at 697 & 698.

Moreover, Owens' trial court totally failed to pronounce any sentence in casse number F98-01040 which means that Owens is currently serving a 20-

year sentence in TDCJ for a case in which "no pronouncement of sentence [has been rendered at all" (see In re Risley, 190 S.W.3d at 855-56, n.7). Hence, the sentence in this case has not evn begun to run since there has been no oral pronouncement. See Tex. Code Crim. Proc. art. 42.09, §1.

Under these circumstances, Owens is entitled to mandamus relief to compel the trial court to pronounce sentence in his presence in F98-01040.

## Owens can satisfy the requirements for mandamus relief

1. The reporter's record reflects that the trial court never pronounced Owens' sentence in cause number F98-01040 in his presence on December 2, 1998. Therefore, the trial court has a ministerial duty to pronounce the sentence in Owens' presence according to V.A.C.C.P. art.42.03,§1(a) - if the sentence is to be valid.

2. Mandamus is appropriate to compel the trial court to impose the sentence in this case.

3. Without the trial court's pronouncement of sentence in this case, Owens has no adequate remedy at law by which to appeal because an appeal can only be taken **after** a defendant has been sentenced and a writ of habeas corpus is for a final felony conviction - which has yet to happen.

Issue 4: The trial court's original judgment sheet, corrected judgment sheet, August 31, 2009 judgment and sentence nunc pro tunc and October 31, 2011 subsequent judgment and sentence nunc pro tunc are void in cause number F98-01040-T.

A writ of mandamus is an exraordinary writ that should be issued only when the trial court has clearly abused its discretion and no adequate remedy by appeal exists. Walker v. Packer, 827 S.W.2d 833,839-40(Tex. 1992). Ordinarily, a relator must show that he has no adequate remedy at law before mandamus will issue, but a void judgment claim is an exception to this rule. See In re Gooch, 153 S.W.3d 690, 693(Tex.App.-Tyler 2005).

Mandamus is appropriate to set aside or correct a trial court's void order. In re Dickason, 987 S.W.2d 570, 571(Tex.1998)(Orig. Proceeding); Urbish v. 127th Judicial Dist. Court, 708 S.W.2d 429, 431 (Tex. 1986) and Eidson v. Edwards, 793 S.W.2d 1,5(Tex.Crim.App. 1990). An order or judgment is void when a trial court has no power nor jurisdiction to render its ruling in the matter. Urbish v. 127th Judicial Dist. Court, 708 S.W.2d 429,431 (Tex.x 1986).

A trial court renders a judgment when it pronounces, states, declares or announces the judgment of the court. By rendering a judgment, the trial court "'settles and declares the decision of the law upon the matter at issue.'" See Jones v. State, 797 S.W.2d 33,35,n.3 (Tex.Crim.App.1990).

The rendition of a judgment marks a trial judge's official decision in a case and is orally announced in open court. In re Fuselier,56 S.W.3d 265,268 (Tex.App.-Houston[1st Dist.]2001).

Statelaw requires "the judgment rendered by the trial court to be entered of record[,]....'[e]ntered of record' means the judgment actually rendered is 'entered in the minutes of the court.'" See Jones v. State, 797

S.W.3d33, 35(Tex.Crim.App. 1990). But before a written judgment reflecting a conviction may be entered in the court's records, there must be "proof show[ing] that a conviction has occurred in fact." See Jones v. State, 795 S.W. 199,202 (Tex.Crim.App. 1990). Otherwise a trial court lacks the authority and discretion "to orally pronounce one sentence in from of the defendant, but enter a different sentence in the written judgment outside the defendant's presence". Ex parte Madding, 70 S.W.3d 131,136 (Tex.Crim.App.2002).

When, however, a written judgment is defective, it "may be corrected [by] nunc pro tunc '[i]f a correct judgment was in fact rendered...'" or if "the events [i]n question actually occurred." In other words, "a judgment may be 'entered' nunc pro tunc if it was in fact 'rendered,' but not recorded, atan earlier time." See Jones v. State, 795 S.W.2d 199,201-201 & n.7(Tex. Crim.App. 1990).

A trial court is never authorized to enter a judgment nunc pro tunc to correct judicial omissions and errors nor to "change a court's records to reflect what it believed should have been done." see In re Fuselier, 56 S.W.3d 265,268 (Tex.App.-Houston [1st Dist.] 2001, no pet.); Fanniel v. State, 73 S.W. 3d 557, 560(Tex.App.-Houston[1st Dist] 2002); Ex parte Dickerson, 702 S.W.2d 657,658 (Tex.Crim.App.1986); and Collins v. State, 240 S.W.3d 925,928 (Tex Crim. App 2007). It's "correction can be only as to what was done" or else the judgment nunc pro tunc is void. See Smith v. State, 15S.W.3d 294, 298 (Tex.App.-Dallas 2000, no pet.) and Fanniel v. State, 73 S.W.3d at 560.

Should a conflict exist "between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls and the written judgment is to... conform" to the

oral pronouncement. See Thompson v. State, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003). But if the trial court never rendered a judgment nor sentence in a case, yet it mistakenly enters a judgment and sentence in the written judment then "there is no valid judgment" because the conviction was never rendered. Thompson v. State, 108 S.W.3d at 290. A void judgment ia "a nullity from the beginning" and any subsequent judgments issuing or based on the original void judgment are also void an "entitled to no respect whatsoever." See Ex parte Seidel S.W.3d 221, 225 (Tex.Crim.App.2001) and Nixv. State, 65S S.W.3d 664, 668 (Tex.Crim.App. 2001).

Ultimately, when a trial court enters an invalid judgment sheet or a void judment nunc pro tunc, it has a ministerial duty to vacate its order because "it exceed[ed] the court's jurisdiction." See In re Rubio, 55 S.W.3d 238.241 (Tex.App.-Corpus Christi 2001) and Stearnes v. Clinton, 780 S.W.2d 216, 220 (TexCrimApp. 1989).

Additionally, this Court of Criminal Appeals may issue a writ of certiorari to inspect the proceedings of the trial court to determine whether any irregularities occurred during the proceedings. Ex parte Brand, 822 S.W.2d 636 (Tex.Crim.App. 1992).

In this case, both Judge Molly Francis (the original presiding judge who heard this case) and Judge Rick Magnis (the curren presiding judge) lacked any jurisdiction to enter judgmentsheets, corrected judment sheets, a judgment and sentence nunc pro tunc and a subsequent judgment and sentence nunc pro tunc reflecting Owens' conviction and 20 year sentence in this cause number because the original judge (J. Francis) never rendered a judgment of conviction nor sentence in this case.

In this circumstance, this Court has held that there must be "proof show[ing] that a conviction has occurred in fact" before a written judgment

reflecting a conviction may be entered in the court's records. See Jones v. State, 795 S.W.2d at 202.

## JUDGE MOLLY FRANCIS' WRITTEN JUDGMENTS ARE VOID

Here, Judge Francis mistakenly entered judgment sheets in cause number "F-9801040-T" reflecting the "DATE OF JUDGMENT: 11/13/98;" the "DATE SENTENCE IMPOSED: 11/13/98;" the "PUNISHMENT AND PLACE OF CONFINEMENT: 20 YEARS...[TDC];" and the "DATE TO COMMENCE: 11/13/98" (appendixes 9(a) & 10(a)). But the court reporter's record shows that on "December 2, 1998," Judge Molly Francis held trial "proceedings" for "[c]ause [n]umbers F97-75579 and F98-67384" (appendixes 4(b), lines 1 & 8) and informed Owens:

> "when I was driving home on **November 13th** after we left court I realized that **I had neglected to actually find you guilty** at the time we did this. The magistrate never did this."

Appendix 4(c), lines 3-5. Then Judge Francis found Owens guilty "in each of the **above numbered cases** for 20 years. Sentence to begin today." Appendix 4(d), lines 24-25. Accordingly, it was on December 2, 1998, that Judge Francis rendered a judgment of conviction and sentenced Owens – in open court – to prison in cause numbers F97-75579 and F98-67384. But there is no "proof show[ing] that a conviction occurred in facct" in cause number F98-01040-T on neither November 13th nor December 2nd, 1998.

These facts resemble those presented in Thompson v. State, 108 S.W.3d at 287. There, Alvin Thompson was convicted of one count of sexual assault of a child and one count of indecency with a child. The "trial court assessed punishment for **only one of the two** offenses, but hte judgment incorrectly reflect[ed] the same punishment for both counts." 108 S.W.3d at 289. When this Court reviewed the facts an its law, it clarified:

> "When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls....[and t]he solution... is to reform the written judgment to conform to the sentence that was orally pronounced."

Thompson v. State, 108 S.W.3d at 290.

Because Owens' situation is like Thompson's in that a clear conflict exists between Judge Franis' oral pronouncement of his guilt and sentence in open court in cause numbers F97-75579 and F98-67384 and the judge's written judgment showing that he was also convicted and sentenced in cause number F98-01040-T, the Thompson Court stated that the only solution is to let Judge Francis' oral pronouncement control and to "reform the [trail court's] written judgment" sheets in cause number F98-01040-T "to conform to the sentence that was orally pronounced." To do this means that the trial court's written judgment in F98-01040 must be declared void because no judgment was ever rendered in that case number. In fact, this is exactly what the Thompson Court did when it stated:

> "...quite simply, appellant [Thompson] was never sentenced on the second count. The trial court made a mistsake in entering a sentence of 30 years in the written judgment. Because no sentence was ever rendered, there is no valid judgment..."

Thompson v. State, 108 S.W.3d at 290.

In short, Judge Francis never rendered a judgment and sentence in cause number F98-01040-T. Consequently, there is no valid judgment in this case and the written judgments are therefore void. Thus, Judge Francis lacked the authority to enter a written judgment in F98-01040 and the trial court must therefore vacate its written judgments pertaining to this cause. See Stearnes v. Clinton, 780 S.W.2d at 220.

Moreover, Judge Rick Magnis' August 31, 2009 JUDGMENT AND SENTENCE NUNC PRO TUNC and October 31, 2011 SUBSEQUENT JUDGMENT AND SENTENCE NUNC PRO TUNC in cause number F98-01040-T are also void for the following three reasons.

First, the December 2, 1998, court reporter's record indisputable demonstrates that Judge Molly Francis never rendered a judgment and sentence in cause number F98-01040-T, therefore the trial court's original written judgment in this cause number is void. Since the original written judgment i n F98-01040-T is void and "a nullity from the beginning" (ex parte Seidel, 39 S.W.3d at 225), this means that Judge Rick Magnis had no authority to enter any judgments nunc pro tunc in F98-01040, since, with no original written judgment (because its a nullity), there is nothing to correct. In Nix v. State, 65 S.W.3d at 668, this court expalined that if the original judgment imposing probation was void, then the trial court's later revocation ordr is also void because there was nothing to revoke. This same reasoning applies in this case: if the original judgment is void, then all subsequent judgments based on the original are equally void and are to be given no respectwhatsoever.

Second, Judge Magnis' judgments nunc pro tunc are void because they correct a judicial error rather that a clerical error.

On August 31, 2009 and October 31, 2011, Judge Magnis mistakenly entered judgments and sentences nunc pro tunc in cause number F98-01040-T each reflecting:

> "Ronroyal Owens was convicted on the rrecord in open court by the trial court on the date of Devember 2, 1998. The sentence of incarceration for 20 years was orally pronounced and imposed on the dateof December 2, 1998."

Appendix 13(a) & 18(b).

Judge Magnis' entrues actually correct Judge Molly Francis' failure

to render a conviction and sentence in cause number F98-01040. Here, the reporter's record of the December 2, 1998, proceedings reflect that Judge Francis only called, convicted and sentenced Owens in cause numbers F97-75579 & F98-67384. But Judge Magnis entered the abovementioned judgments nunc pro tunc showing that thetrial court convicted and sentence Owens in F98-01040-T 11 and 13 years later. By doing this, his judgments nunc pro tunc amounted to a correction of Judge Fancis' omission and error in ~~aoling~~ failing to convict and sentence Owens. According to State law, Judge Magnis was un-equivocally prohibited from using a judgment nunc pro tunc to correct Judge Francis' judicial errors and/or omissions and from changing the records to "reflect what [he] beieves should have been"in cause number F98-01040. As a result, thetrial court's judgments nunc pro tunc are void in F98-01040. See Fanniel v. State, 73 S.W.3d at 560; In re Fuselier, 56 S.W.3d at 265 and Collins v. State, 240 S.W.3d at 928.

Judge Magnis' judgments and sentences nunc pro tunc do not reflect what actually happened at trial on December 2, 1998, (see Smith v. State, 15 S.W.3d at 298-99), but instead they correct Judge Molly Francis' judicial errors and omissions of not convicting and sentencing Owens. Their entry therefore violates the law governing jugments nunc pro tunc and is void.

Consequently, Judge Magnis has a ministerial duty to withdraw and vacate his August 31, 2009 judgment and sentence nunc pro tunc and his October 31, 2011, subsequent judgment and sentence nunc pro tunc. Stearnes v. Clinton, 780 S.W.2d at 220.

Third, the law is well-settled that Judge Magnis could not enter a judg-ment nunc pro tunc in F98-01040-T unless proof exists that the original trial judge (J. Molly Francis) had actually rendered and pronounced Owens guilty

and sentenced him to prison in that cause in open court. Collins v. State, 240 S.W.3d at 928. Here, no proof exists showing Judge francis convicted and sentenced Owens in F98-01040-T. Thus, the trial court was without authority to enter the August 31, 2009 and October 31, 2011 judgments nunc pro tunc. Absent the authority to enter the judgments nunc pro tunc, the trial court's entries are void.

As stated previously, the trial court is obligated to withdraw and vaccate its void judgments in this cause.

### Owens is entitled to the relief sought for the following reasons:

1. In August 2009 and October 2011, the trial court entered judgments nunc pro tunc in cause number F98-01040-T when this cause number was never called nor adjudicated by the court in 1998. Thus, the judgments nunc pro tunc corrected a judicial error and/or omission thereby rndering the judgments nunc pro tunc void.

2. The trial court now has a ministerial duty to vacate, withdraw and/or recind its judgments nunc pro tunc in this cause.

### PRAYER

For these reasons, relator asks that this Court of Criminal Appeals would grant this writ of mandamus, writ of cetiorari and writ of procedendo directing Judge Magnis to vacate his August 31, 2009, and October 31, 2011 judgments nunc pro tunc reflecting Owens was represented by Michelle Moore and would also withdraw the court's December 2, 1998 , judgment and sentence and remand Owens to the trial courtto answer the indictment in cause numbers F98-01040-T and F98-67384MT.

Respectfully submitted,

Romroyal J. Owens
851492 Neal unit
9055 Spur 591
Amarillo, Tx. 79107
Relator Pro Se

## CERTIFICATION

I certify that I have reviewed the petitions and have concluded that every factual statement made in the petitions are supported by competent evidence included in the appendix or the record.

RONROYAL J. OWENS, PRO SE

## UNSWORN DECLARATION

I declare under the penalty of perjury that the foregoing is true and correct and that the appendixes affixed hereto are copies of the certified, original and authentic documents on file with the cort and clerk.

RONROYAL J. OWENS

No _____

IN RE RONROYAL J. OWENS,

Relator

---

APPENDIX TO THE PETITION FOR
WRIT OF MANDAMUS, WRIT OF CERTIORARI AND WRIT OF PROCEDENDO

---

Relator, Ronroyal J. Owens, submits the following documents in support of the petitions for writ of mandamus, writ of certiorari and writ of procedendo.

### LIST OF DOCUMENTS

1: Attorney Catherine Shelton' Contract of Employment

2: Order Substituting Counsel

3: Motion for New Trial filed by Shelton on December 11, 1998 (2pp.)
   (a) Cause No. F98-01040
   (b) Cause No. F98-67382

4: Court Reporter's Record of December 2, 1998 proceedings (9pp.)
   (a) pg.1
   (b) pg.5
   (c) pg.6
   (d) pg.7
   (e) pg.8
   (f) pg.9
   (g) pg.10
   (h) pg.11
   (i) pg.13, reporter's certification

5: Docket sheets (2pp.)

6: Pro se Notice of appeals  (2pp.)
   (a) Cause No. F98-01040
   (b) Cause No. F98-67384

7: Motion for New Trial filed by Moore (2pp.)
   (a) Cause No. F98-01040
   (b) Cause No. F98-67384

8: Notice of Appeal filed by Moore (2pp.)
   (a) Cause No. F98-01040
   (b) Cause No. F98-67384

9: Judge Francis' Judgment Sheets (2pp.)
   (a) Cause No. F98-01040
   (b) Cause No. F98-67384

10: Judge Francis' Corrected Judgement Sheets (2pp.)
    (a) Cause No. F98-01040
    (b) Cause No. F98-67384

11: Proof of incarceration (3pp.)
    ~~(TDCJ internet printout (2pp.)~~
    (a) TDCJ internet printout (2pp.)
    (b) TDCJ Record's office printout

12: Motion to Correct Judgment Nunc Pro Tunc (5pp.)
    (a) coverletter
    (b) pg.1
    (c) pg.2
    (d) pg.3
    (e) proposed order

13: Judgment and Sentence Nunc Pro Tunc (2pp.)
    (a) Cause No. F98-01040
    (b) Cause No. F98-67384

14: May 15. 2008, Letter from Michelle Moore

15: October 16, 2008 Letter from Michelle Moore

16: March 29, 2011. :etter from Michelle Moore to Judge Magnis

17: Motion to Correct "Judgment and Sentence" by Nunc Pro Tunc (2011(6pp.)
    (a) Coverletter
    (b) pg. 1
    (c) pg. 2
    (d) pg. 3
    (e) pg. 4
    (f) proposed order

18: Ruling on Motion for Complete Copy of Public Defender's (and Defendant's) Case File and Subsequent Judgment and Sentence Nunc Pro Tunc
    (a) pg. 1
    (b) pg.2
    (c) pg.3

19: Fifth Court of Appeals' Opinion

20: Fifth Court of Appeals Order of rehearing

21: December 20, 2012 Letter to Dallas County District Clerk

22: Letter from Dallas County District Clerk

UNSWORN DECLARATION

    I declare under the penalty of perjury that all the documentws included with these petitions for writ of mandamus, writ of certiorari and writ of procedendo are true copies.

RONROYAL J. OWENS

**APPENDIX 1:**

Attorney Shelton's
**Contract of Employment**

*EX. G.*

*$5,000
paid 6-15-98*

# CONTRACT OF EMPLOYMENT

Re:     State v. RonRoyal J.W. Owens

This agreement is between RonRoyal J.W. Owens, hereinafter "Client" and Shelton-Thomas, P.C., hereinafter "Attorney". It is entered into by the parties in Dallas, Texas on June 15, 1998.

Attorney hereby agrees to represent Client in the above matter in consideration of a *non-refundable* retainer fee of twenty-thousand dollars ($20,000.00). This retainer fee is for services rendered (up to the return of an indictment) or (if the matter can be completed without a trial on a disputed issue). If the case is settled at any time after the trial fee has been paid, no part of the trial fee will be refunded. *This fee should be paid 10 days prior to the final hearing.*

It is further understood that the above fee does not include any expense for investigation, photographs or any other expense necessary in the representation, including association of other counsel, which will be paid by Client. Attorney agrees to keep Client notified of expenses incurred and to seek prior approval of expense in excess of Five Hundred Dollars ($500.00). The above fees do not include legal fees for the appeal of any issue, nor does it include representation on matters of pardon and parole or habeas corpus. It is further understood and agreed that should the case have to be retried for any reason after it has once been tried, that a reasonable charge will be agreed upon the parties.

It is expressly agreed and understood by the parties that no promises or guarantees as to the outcome of the matter have been made. Attorney agrees to exert his best efforts at all times in representing the client in this case.

Agreed, understood and accepted on this 5 day of June, 1998.

_____
RonRoyal J.W. Owens

_____
SHELTON-THOMAS, P.C.

## NOTICE TO CLIENTS

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the States Bar's Office of General Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information.

**APPENDIX 2:**

**ORDER SUBSTITUTING COUNSEL**

## ORDER SUBSTITUTING COUNSEL

On this date, came on for hearing the Agreed Motion for Substitution of Counsel

for Defendant, Ronroyal J. Owens and this Court finding the same is timely made and in

good order and is without opposition, the same is hereby **GRANTED.**

**IT IS THEREFORE ORDERED** that Royce West is withdrawn as attorney of

record for the Defendant, Ronroyal J. Owens and that Catherine Shelton is substituted

as counsel for Defendant, Ronroyal J. Owens..

SIGNED this __15__ day of _____July_____, 1998.

_____
**JUDGE PRESIDING**

**APPENDIX 3:**

MOTION FOR NEW TRIAL
Filed by Shelton on December 11, 1998 (2pp.)

(a) F98-01040-T

(b) F98-67384-MT

328/117

No. F98-01040

| THE STATE OF TEXAS | IN THE 283RD JUDICIAL |
| VS. | DISTRICT COURT OF |
| RonRoyal Owens | DALLAS COUNTY, TEXAS |

DEFENDANT'S MO'

TO THE HONORABLE JUDGE OF SA:

Now comes the Defendant ... .d by his Attorney and moves the Court to grai. ... erein for the good and sufficient reason that the verdict _ ... rary to the law and the evidence.

WHEREFORE, Defendant prays the Court grant a new trial herein.

Respectfully submitted,

_____
Attorney for Defendant
CATHERINE SHELTON
1201 MAIN, STE 820
ORDER DALLAS, TX 75202

The above Motion is hereby (granted) (overruled).

_____
Judge

FILED
DEC 11 1998
BILL LONG
DIST. CLERK. DALLAS CO., TEXAS
DEPUTY

No. F98-67384

THE STATE OF TEXAS                          IN THE 283RD JUDICIAL

VS.                                         DISTRICT    COURT    OF

RonRoyal Owens                              DALLAS   COUNTY,   TEXAS

### DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above cause and by his Attorney and moves the Court to grant him a New Trial herein for the good and sufficient reason that the verdict is contrary to the law and the evidence.

WHEREFORE, Defendant prays the Court grant a new trial herein.

Respectfully submitted,

_____
Attorney for Defendant
CATHERINE SHELTON
1201 MAIN, STE 820
DALLAS, TEXAS 75202

ORDER

The above Motion is hereby (granted) (overruled).

_____

FILED
DEC 11 1998
BILL LONG
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

**APPENDIX 4:**

COURT REPORTER'S RECORD OF DECEMBER 2, 1998 PROCEEDINGS (9pp.)

        (a) pg.1
        (b) pg.5
        (c) pg.6
        (d) pg.7
        (e) pg.8
        (f) pg.9
        (g) pg.10
        (h) pg.11
        (i) pg.13-Reporter's Certification

REPORTER'S RECORD

VOLUME _____ OF _____

December 2, 1998

*F98-01040*

Trial Court Cause No. ~~F97-75579~~-T, F98-67384-T

THE STATE OF TEXAS ) IN THE 283RD JUDICIAL

VS. ) DISTRICT COURT OF

RONROYAL OWENS ) DALLAS COUNTY, TEXAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FILED

MAR 31 1999

JIM HAMLIN
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

APPEARANCES:

MS. SUSAN MCWITHEY                    MS. MICHELLE MOORE
Assistant District Attorney          Officer of the Public Defender
133 N. Industrial Blvd.              133 N. Industrial Blvd.
Dallas, Texas  75207                 Dallas, Texas  75207
214-653-3700                         214-          :
SBOT No.                             SBOT No.
Attorneys for State of Texas         Attorney for Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On the 2nd day of December, 1998, the above entitled and numbered cause came on to be heard in the said Court, Honorable Molly Francis, Judge Presiding, and the following proceedings were held, to-wit:

P R O C E E D I N G S

December 2, 1998

THE COURT: I got a couple of housekeeping things I need to do that I have been trying to do since the day after when I told you I have been unable to get Ms. Shelton to come in here. So let's start here and let's put this on and I will talk to you about your appellate lawyer.

These are Cause Numbers F97-75579 and F98-67384, the State of Texas versus Ronroyal Owens. Ms. Owens is present with Ms. Michelle Moore, the public defender out of this court.

Mr. Owens, you were in front of me November 12th and 13th with your attorney, Catherine Shelton. You had previously entered a plea of guilty in the magistrate's court. You remember doing that before the magistrate?

THE DEFENDANT: Yes.

THE COURT: The magistrate accepted your plea, the magistrate finds your case substantiates a finding of guilty and it was reset for November 12 and it was conducted ultimately. I ended up giving you 20 years in the penitentiary in --

THE DEFENDANT: Both.

THE COURT: -- both of these cases, correct.

THE DEFENDANT: That is correct, Judge.

THE COURT: You recall -- or I know you -- as

you and I talked yesterday, I have tried repeatedly to get ahold of Ms. Shelton to ask her to come back down here because when I was driving home on November 13th after we left court I realized that I had neglected to actually find you guilty at the time we did this. The magistrate never did this. This procedural -- this is, I think, something that probably may or may not be necessary, I don't know, but I am a person who worries about things, and so I am going back and am going to backtrack and I brought you down. I tried to get Ms. Shelton to come. She has refused to respond to phone calls, has refused to come down, has refused to send anybody down to represent her office. And I talked to you yesterday about your ability to talk to Ms. Shelton, and you told me you had been unable to get in touch with her.

THE DEFENDANT: Same problem.

THE COURT: You were having the same problem. And I told you that I needed to do this and have been trying to do this every single working day since November 13 but have been unsuccessful. And what were we going to do about not getting her down here and you told me yesterday and I am going to ask you today if that is, in fact, correct that in your opinion Ms. Shelton no longer represents you; is that correct?

THE DEFENDANT: That is correct.

THE COURT: And I told you that I was going to need to bring you down today and was going to appoint you,

number one, a lawyer to sit in with you today and to talk to you about this and then, number two, to appoint you a lawyer to handle your appeal. And you told me yesterday that your appeal is going to include an ineffective assistance ground on Ms. Shelton; is that correct?

THE DEFENDANT: That is correct.

THE COURT: And I am -- I am also going to appoint you a lawyer on appeal in that regard. So going back and kind of cleaning up a procedural mistake that may or may not need to be done, but I need to do it so I can quit thinking about this every single day.

I do in each of the above numbered causes do find you guilty, the magistrate previously found the evidence substantiated a finding of guilty. I do find you guilty and set your punishment in each case as previously stated at 20 years confinement in the state penitentiary.

Is there any legal reason under law why you should not be sentenced at this time?

MS. MOORE: No, Your Honor.

THE COURT: Hearing no reason, it is therefore the order, judgment and decree of the Court that you be taken by the sheriff of Dallas County, by him safely held until you're received by an authorized receiving agent for the state penitentiary, where you shall be confined in the above numbered cases for 20 years. Sentence to begin today. I will give you

credit for all your back time, of course.

Essentially, nothing has changed except for me saying four different words.

Now, Ms. Moore can talk to you about anything you want to talk to her about and I will make her available to you before you're sent up in case you want her to do anything or call anybody for you. I have talked to my coordinator and asked her to contact an attorney by the name of George Conkey, who does appellate work and has asked that -- has demonstrated a willingness to represent indigents occasionally on appeal. And so I am going to have him -- I am going to have -- I think she may have already called him and he may come see you in the jail or he may ask that you be brought down here to talk to you over here. And maybe it is a little better environment for you to talk over there. But he will be in touch with you before the end of the week, so hopefully that will do that. And then Ms. Moore is going to check those files and be sure that there is a notice of appeal, an appropriate notice of appeal. Let's do the pauper one so we can put Mr. Conkey on the bottom while Mr. Owens is here. There may be something already in the file. That's fine. You're well within your time anyway, so there is no problem there, but we do the formal notice of appeal where an attorney is appointed and that clicks in other things that starts the ball rolling faster.

THE DEFENDANT: Great.

THE COURT: So we will do that. And Ms. Moore will get those files. I had to order them up from Records, and she will get that and look through that and make sure everything that needs to be signed gets signed, gets you to sign one of the pauper oaths and she can write down the name for you of the attorney who is going to be getting in touch with you.

THE DEFENDANT: Thank you very much.

THE COURT: That will also start the court reporter, Mrs. Hazlewood, writing down, getting your transcript ready. Didn't somebody contact her?

THE DEFENDANT: Yes. I think somebody contacted her about getting the record. Gloria --

THE COURT REPORTER: Yes.

THE DEFENDANT: First of all, let me say thank you, Your Honor, for taking care of everything for me. Secondly, I was wondering on the transcripts -- I am not really sure of everything I have to do. I know Gloria has given me information.

THE COURT: You don't have to do anything. If I appoint you an attorney and I determine that you're indigent, which I have, then you're fine. And once we sign this form that states that I have found that you are indigent, then pretty much the systems kicks in and it takes care of itself. Mrs. Hazlewood starts typing up the record. Ms. Thomas doesn't

have to start worrying about that because the county is going to go ahead and take care of that for you because you are indigent. Mr. Conkey will do what he needs to do to make sure that your rights are protected in the appellate court.

THE DEFENDANT: I certainly appreciate you in a great way. You have been a great help in all areas and I look forward to working with you. I did want to ask for clarity, though.

THE COURT: Yes, sir.

THE DEFENDANT: Because I had to enter the process on my own in the law library, my understanding was that you apply for appeal and then it -- that's to be brought to your judge, your sentencing judge, which would be you.

THE COURT: Yes.

THE DEFENDANT: And --

THE COURT: Me.

THE DEFENDANT: And then you either approve or disapprove. So just for clarity.

THE COURT: Let me tell you this, you're fine. You're well within your time. Once a notice of appeal is put in the record and the law says any kind of written notice including your writing a letter, Dear Judge Francis, I want to have an appeal, is sufficient to start a notice of appeal. So you're fine. Once the notice of appeal starts, I am really -- it is not really my case anymore, it jumps over to the Court of

Appeals, and they're the ones who begin to look at things.

Now, of course, it is my responsibility to get all of this stuff done and the record done, and Mrs. Hazlewood will do that and the clerks will do all the stuff that is in the file, will prepare everything that is in file and any evidence that was admitted in our two days of trial, all of that will go over. Mrs. Hazlewood is a good court reporter and gets all that stuff done for you, but it is pretty much out of your hands and now it is up to her and the district clerk to get all the stuff done. And your lawyer pretty much just waits until that is done. There is not much else he can do.

Now, he may want to talk to you about doing a motion for new trial if you want to do a hearing there. It is not necessary, but if there is something else they want me to look at he will talk to you about that, about there is a time limit -- we need to file a motion for new trial anyway because that gives Mrs. Hazlewood a little more time before the Court of Appeals starts sending us letters about where the record is and all of this and it gives you more time to look at issues that might want to be raised in the motion for new trial. We can file -- Ms. Moore can file a motion for new trial just to ensure we have the time and then Mr. Conkey, if he wants to come back and have a hearing on something, he can file an amended motion for new trial and raise grounds that he wants to be addressed before the case goes up because the Court of

STATE OF TEXAS          )

COUNTY OF DALLAS        )

        I, SHARON HAZLEWOOD, official court reporter in and for the 283rd Judicial District Court of Dallas County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in the reporter's record in the above styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

        I further certify that this transcription of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

        I further certify that Dallas County did not pay a substitute court reporter while I prepared this transcript.

        WITNESS my hand, the 1st day of March, 1998.

_____

SHARON HAZLEWOOD, C.S.R.

Certification Number: 628

Date of Expiration: 12-31-98

283RD JUDICIAL DISTRICT COURT

Frank Crowley Courts Building

133 N. Industrial, LB33

Dallas, Texas  75207-4313

214/653-5863

**APPENDIX 5:**

DOCKET SHEETS (2pp.)

STATE OF TEXAS

vs. No. _____

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| [illegible] | Def brought down to correct clerical error on my part. Def found guilty as charged. Sentenced to 20 years in state penitentiary. Se Credit pt. 3Francis Notice of appeal filed - PD assisted |
| | The sex offender registration requirements of Art. 6252-13c.1 Revised Civil Statutes apply to the defendant. Age of victim at time of offense: __12__ yrs. |
| 11/23/99 | Hrg on pro se request. Hrg conducted. Def warned & decided to proceed pro se. Hearing to be prepared for Ct of Appeals - MPA |
| 12/3/99 | MF prepared & sent to app ct |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 9-10-98 | Reset to 10-8-98 Sent (Court closed 9-16) |
| 10-8-98 | Reset to 10-29-98 Sent |
| 10-29-98 | Sent |
| 11/12/98 | Sentencing Hearing. Both sides announced ready. Both sides present. Both sides rest & close. Argument of punishment set at 20 years in Penitentiary. Court in Def brought down to correct clerical error. Def found guilty as charged. Punishment set at 20 years confinement in state penitentiary. Sentenced. Court - |
| 11/13/98 | Notice of appeal filed with assistance — PD — |
| 11/12/98 | Please have Bench Warrant per Order from Ct of Appeals re Hearing continued. Def Wants to go Pro Se, West over adv of Ct. — |
| 11/3/99 | Please have Bench Warrant per Order from Ct of Appeals re |
| 11/23/99 | Hearing continued, Def Wants to go Pro Se, West over adv of Ct. — |

**APPENDIX 6:**

NOTICE OF APPEALS (Pro Se)

(a) F98-01040-T

(b) F98-67384-MT

# NOTICE
# OF
# APPEAL

## CASE NO. F9801040T

STATE OF TEXAS

VS

RONROYAL J. OWENS

IN THE 283rd COURT DALLAS
COUNTY, TEXAS _____._____
JUDICIAL DISTRICT



FILED

NOY 30 ΣΘΘ·

BILL LONG
DIST. CLERK. DALLAS CO., TEXAS
_____ DEPUTY



Respeetfully Submited

X _____

SUBSCRIBED AND SWORN TO BEFORE ME on the ___30___ day of
_November_ , 1398 , to certify which witness my hand and official seal.

_R. V. Holley_ — _my commission expires 4/15/02_

Notary Public

# NOTICE
# OF
# APPEAL

## CASE NO. F9867384T

STATE OF TEXAS

VS

RONROYAL J. OWENS

IN THE <u>283rd</u> COURT <u>DALLAS</u>
COUNTY, TEXAS _____
JUDICIAL DISTRICT



**FILED**

NOV 30 1998

BILL LONG
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

Respectfully Submited

X _____

SUBSCRIBED AND SWORN TO BEFORE ME on the ___30___ day of
*November* , 19 _98_ , to certify which witness my hand and official seal.

*R.V. Holly* - *My Commission expires 4/15/02*
_____
Notary Public

**APPENDIX 7:**

MOTION FOR NEW TRIAL
Filed by Moore (2pp.)

(a) F98-01040-T

(b) F98-67384 MT

No. F98-01040T

THE STATE OF TEXAS

VS.

Roncoyal Owens

IN THE   283RD JUDICIAL

DISTRICT   COURT   OF

DALLAS   COUNTY,   TEXAS

DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above cause and by his Attorney and moves the Court to grant him a New Trial herein for the good and sufficient reason that the verdict is contrary to the law and the evidence.

WHEREFORE, Defendant prays the Court grant a new trial herein.

Respectfully submitted,

_____
Attorney for Defendant

ORDER

The above Motion is hereby (granted) (overruled).

_____
Judge

FILED

DEC 2 1998

BILL LONG
DIST. CLERK DALLAS CO. TEXAS
DEPUTY

No. F98-67384

THE STATE OF TEXAS

VS.

Ron Royal Owens

IN THE 283RD JUDICIAL

DISTRICT COURT OF

DALLAS COUNTY, TEXAS

DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above cause and by his Attorney and moves the Court to grant him a New Trial herein for the good and sufficient reason that the verdict is contrary to the law and the evidence.

WHEREFORE, Defendant prays the Court grant a new trial herein.

Respectfully submitted,

Michelle Moore
Attorney for Defendant

ORDER

The above Motion is hereby (granted) (overruled).

_____
Judge



FILED

DEC 2 1998

BILL LONG
DIST. CLERK DALLAS CO. TEXAS
DEPUTY

**APPENDIX 8:**

NOTICE OF APPEAL
Filed by Moore (2pp.)

(a)  F98-01040-T

(b)  F98-67384-MT

JUDGMENT / SENTENCE DATE _11 12 98_
MOTION FOR NEW TRIAL FILED ✓ YES ____ NO   DATE _12 2 98_

_~~signature~~_
Deputy District Clerk

DRAWER #40

THE STATE OF TEXAS

VS.

_____

CAUSE NO. _F_ _____
_283_ _____ DISTRICT COURT _____

DALLAS COUNTY, TEXAS

FILED
DEC 2 1998
BILL LONG
DIST. CLERK DALLAS CO. TEXAS
_____ DEPUTY

APPENDIX 3(a)

**DEFENDANT'S NOTICE OF APPEAL AND PAUPER OATH**

**APPOINTMENT OF ATTORNEY ON APPEAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant in the above cause and states: I am the defendant in the above cause; I was convicted in this cause and now give Notice of Appeal to the Texas Court of Appeals for the Fifth Supreme Judicial District of Texas at Dallas, Texas, and that I am penniless, destitute and indigent person, too poor to employ counsel to represent me on the appeal, and too poor to pay for or give security for the Statement of Facts and a true copy thereof herein.

WHEREFORE, I pray that the Court will appoint an attorney to represent me in this appeal and that the Court will order the Court Reporter of this Court to prepare and deliver to me or my appointed Counsel the original and a true copy of the Statement of Facts in this case, together with all exhibits attached thereto if practical.

X _____
                          Defendant

BEFORE ME, the undersigned authority, personally appeared the above Defendant, known to me to be the person whose signature appears above, and after being duly sworn on oath states that he is the defendant in the above cause, and that the matters and things set forth in the foregoing are true and correct in all things.

BILL LONG
DISTRICT CLERK
Dallas County, Texas

By _____
                  Deputy District Clerk

**ORDER**

The Defendant having requested the Court to appoint Counsel,

it is Ordered the Honorable _George R. Conley (214) 358-4444_
Address: _4519 W. Lovers Ln Dallas, Tx 75209_
a regular licensed and practicing attorney of Texas, be, and he is hereby appointed to represent Defendant in prosecuting his appeal herein, and it is further Ordered that the Court Reporter is hereby directed to transcribe all of the notes as same may appertain to this cause and as taken during the trial of this cause which began on

_____, 19_____, and make Statement of Facts in duplicate and furnish same to Defendant or his appointed Counsel.

_____
                          Judge

JUDGMENT SENTENCE DATE __11 13 98__
MOTION FOR NEW TRIAL FILED __✓__YES ____NO  DATE __12 2 98__

_Michaell Lewis_
Deputy District Clerk

DRAWER #40

THE STATE OF TEXAS

VS.

_Ranc
al Owens_

CAUSE NO. __F95-67554T__

__253__ DISTRICT COURT ____

DALLAS COUNTY, TEXAS

FILED
DEC 2 1998
BILL LONG
DIST. CLERK, DALLAS CO. TEXAS
DEPUTY

APPENDIX 3(a)

### DEFENDANT'S NOTICE OF APPEAL AND PAUPER OATH

### APPOINTMENT OF ATTORNEY ON APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant in the above cause and states: I am the defendant in the above cause; I was convicted in this cause and now give Notice of Appeal to the Texas Court of Appeals for the Fifth Supreme Judicial District of Texas at Dallas, Texas, and that I am penniless, destitute and indigent person, too poor to employ counsel to represent me on the appeal, and too poor to pay for or give security for the Statement of Facts and a true copy thereof herein.

WHEREFORE, I pray that the Court will appoint an attorney to represent me in this appeal and that the Court will order the Court Reporter of this Court to prepare and deliver to me or my appointed Counsel the original and a true copy of the Statement of Facts in this case, together with all exhibits attached thereto if practical.

_____
Defendant

BEFORE ME, the undersigned authority, personally appeared the above Defendant, known to me to be the person whose signature appears above, and after being duly sworn on oath states that he is the defendant in the above cause, and that the matters and things set forth in the foregoing are true and correct in all things.

BILL LONG
DISTRICT CLERK
Dallas County, Texas

By _Michaell Lewis_
Deputy District Clerk

### ORDER

The Defendant having requested the Court to appoint Counsel,

it is Ordered the Honorable _George R. Conkey (214)358-4494_

Address: _4519 W. Lovers Ln Dallas Tx 75209_

a regular licensed and practicing attorney of Texas, be, and he is hereby appointed to represent Defendant in prosecuting his appeal herein, and it is further Ordered that the Court Reporter is hereby directed to transcribe all of the notes as same may appertain to this cause and as taken during the trial of this cause which began on

_____, 19_____, and make Statement of Facts in duplicate and furnish same to Defendant or his appointed Counsel.

_____
Judge

FORM 40

**APPENDIX 9:**

JUDGMENT SHEETS
By Judge Molly Francis (2pp.)

    (a)  F98-01040-T

    (b)  F98-67384-MT

NO. F-9801040-T

THE STATE OF TEXAS

vs.

RONROYAL J. OWENS

IN THE 283RD JUDICIAL DISTRICT
COURT OF
DALLAS COUNTY, TEXAS

JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
WAIVER OF JURY TRIAL

JULY TERM, A.D., 1998

JUDGE PRESIDING: MOLLY FRANCIS          DATE OF JUDGMENT: 11/13/98

ATTORNEY
FOR STATE: S. MCWITHEY

ATTORNEY
FOR DEFENDANT: CATHERINE SHELTON

OFFENSE
CONVICTED OF: INDECENCY WITH A CHILD YOUNGER THAN 14 YEARS

DEGREE: SECOND          DATE OFFENSE COMMITTED: 03/04/97

CHARGING
INSTRUMENT: INDICTMENT          PLEA: GUILTY

TERMS OF PLEA
BARGAIN (IN DETAIL): 20 YRS. PENITENTIARY

PLEA TO ENHANCEMENT
PARAGRAPH(S): N/A

FINDINGS ON
ENHANCEMENT: N/A

FINDINGS ON
DEADLY WEAPON
BIAS OR PREJUDICE
AND/OR
FAMILY VIOLENCE:          NO FINDING

DATE SENTENCE
IMPOSED: 11/13/98          COSTS: YES

PUNISHMENT AND
PLACE OF          20 YEARS
CONFINEMENT: CONFINEMENT IN THE INSTITUTIONAL DIVISION DATE TO
OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE COMMENCE: 11/13/98
AND A FINE OF - 0 -

TIME CREDITED: 7/16/98 TO 7/16/98          RESTITUTION/REPARATION: NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

SM          VOL: 318 PAGE 104

THE STATE OF TEXAS
COUNTY OF DALLAS
I, Felicia Pitre, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record now
on file in my office.
Witness my official hand and seal of
office, this _____ 2015

FELICIA PITRE, DISTRICT CLERK
Dallas County, Texas
By: _____ Deputy

NO. F-9867384-NT

THE STATE OF TEXAS

VS.

RONROYAL OWENS

IN THE 283RD JUDICIAL DISTRICT
COURT OF

DALLAS COUNTY, TEXAS

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
## WAIVER OF JURY TRIAL

JULY TERM, A.D., 1998

JUDGE PRESIDING: MOLLY FRANCIS

DATE OF JUDGMENT: 11/13/98

ATTORNEY
FOR STATE: S MCWITHEY

ATTORNEY
FOR DEFENDANT: CATHERINE SHELTON

OFFENSE
CONVICTED OF: ATTEMPTED AGGRAVATED SEXUAL ASSAULT OF A CHILD/14

DEGREE: SECOND

DATE OFFENSE COMMITTED: 02/09/98

CHARGING
INSTRUMENT: INDICTMENT

PLEA: GUILTY

TERMS OF PLEA
BARGAIN (IN DETAIL): 20 YRS. PENITENTIARY

PLEA TO ENHANCEMENT
PARAGRAPH(S): N/A

FINDINGS ON
ENHANCEMENT: N/A

FINDINGS ON
DEADLY WEAPON,
BIAS OR PREJUDICE,
AND/OR
FAMILY VIOLENCE:

NO FINDING

DATE SENTENCE
IMPOSED: 11/13/98

COSTS: YES

PUNISHMENT AND
PLACE OF 20 YEARS
CONFINEMENT: CONFINEMENT IN THE INSTITUTIONAL DIVISION    DATE TO
OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE    COMMENCE: 11/13/98
AND A FINE OF - 0 -



THE STATE OF TEXAS
COUNTY OF DALLAS
I, Felicia Pitre, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears of record now
on file in my office.
Witness my official hand and seal of
office, this

**APPENDIX 10:**

"CORRECTED" JUDGMENT SHEETS
By Judge Molly Francis (2pp.)

(a)  F98-01040-T

(b)  F98-67384-MT

**Corrected**

F-9801046-T

THE STATE OF TEXAS

VS.

RONROYAL J OWENS

IN THE 283RD JUDICIAL DISTRICT

COURT OF

DALLAS COUNTY, TEXAS

JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
WAIVER OF JURY TRIAL

JULY TERM, A.D., 1998

JUDGE PRESIDING: POLLY FRANCIS

DATE OF JUDGMENT: 11/13/98

ATTORNEY
FOR STATE: S MCWITHEY

ATTORNEY
FOR DEFENDANT: CATHERINE SHELTON

OFFENSE
CONVICTED OF: INDECENCY WITH A CHILD YOUNGER THAN 17 YEARS

DEGREE: SECOND

DATE OFFENSE COMMITTED: 03/04/97

CHARGING
INSTRUMENT: INDICTMENT

PLEA: GUILTY

TERMS OF PLEA
BARGAIN (IN DETAIL): OPEN PLEA

PLEA TO ENHANCEMENT
PARAGRAPH(S): N/A

FINDINGS ON
ENHANCEMENT: N/A

FINDINGS ON
DEADLY WEAPON,
BIAS OR PREJUDICE,
AND/OR
FAMILY VIOLENCE:

NO FINDING

DATE SENTENCE
IMPOSED: 11/13/98

COSTS: YES

PUNISHMENT AND
PLACE OF          20 YEARS
CONFINEMENT: CONFINEMENT IN THE INSTITUTIONAL DIVISION  DATE TO
OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE  COMMENCE: 11/13/98
AND A FINE OF - O -

TIME CREDITED: 7/16/98 TO 7/16/98

RESTITUTION/REPARATION: NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

ML

VOL. 318  PAGE 104

C 14 / 00115

NO: F-9867384-MT

*Certified Judgment*

THE STATE OF TEXAS

VS.

PONROYAL J OWENS

IN THE 283RD JUDICIAL DISTRICT

COURT      OF

DALLAS COUNTY, TEXAS

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
## WAIVER OF JURY TRIAL

JULY      TERM, A.D., 1998

JUDGE PRESIDING: MOLLY FRANCIS

DATE OF JUDGMENT: 11/13/98

ATTORNEY
FOR STATE: S MCWITHEY

ATTORNEY
FOR DEFENDANT: CATHERINE SHELTON

OFFENSE
CONVICTED OF: ATTEMPTED AGGRAVATED SEXUAL ASSAULT OF A CHILD/14

DEGREE: SECOND

DATE OFFENSE COMMITTED: 02/09/98

CHARGING
INSTRUMENT: INDICTMENT

PLEA: GUILTY

TERMS OF PLEA
BARGAIN (IN DETAIL): OPEN

PLEA TO ENHANCEMENT
PARAGRAPH(S): N/A

FINDINGS ON
ENHANCEMENT: N/A

FINDINGS ON
  DEADLY WEAPON,
  BIAS OR PREJUDICE,
  AND/OR
  FAMILY VIOLENCE:      NO FINDING

DATE SENTENCE
IMPOSED:      11/13/98

COSTS: YES

PUNISHMENT AND
PLACE OF      20 YEARS
CONFINEMENT: CONFINEMENT IN THE INSTITUTIONAL DIVISION DATE TO
      OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE COMMENCE:    11/13/98
      AND A FINE OF - O -

TIME CREDITED: 2/9/98 TO 4/9/98

RESTITUTION/REPARATION: NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

SM

VOL. 318 PAGE 102

DUPLICATE

**APPENDIX 11:**

Proof of Incarceration (3pp.)

(a) TDCJ INTERNET/WEBSITE PRINTOUT (2pp.)

(b) TDCJ RECORD'S OFFICE PRINTOUT

  **TDCJ Home**    **New Offender Search**

# Offender Information Details

Return to Search list

| | |
|---|---|
| **SID Number:** | 05830777 |
| **TDCJ Number:** | 00851492 |
| **Name:** | OWENS,RONROYAL J |
| **Race:** | B |
| **Gender:** | M |
| **DOB:** | 1964-03-22 |
| **Maximum Sentence Date:** | 2018-11-12 |
| **Current Facility:** | NEAL |
| **Projected Release Date:** | 2018-11-12 |
| **Parole Eligibility Date:** | 2008-11-11 |
| **Offender Visitation Eligible:** | YES |

*Information provided is updated once daily during weekdays and multiple times per day on visitation days. **Because this information is subject to change, family members and friends are encouraged to call the unit prior to traveling for a visit.***

## SPECIAL INFORMATION FOR SCHEDULED RELEASE:

| | |
|---|---|
| **Scheduled Release Date:** | Offender is not scheduled for release at this time. |
| **Scheduled Release Type:** | Will be determined when release date is scheduled. |
| **Scheduled Release Location:** | Will be determined when release date is scheduled. |

### Parole Review Information

## Offense History:

| Offense Date | Offense | Sentence Date | County | Case No. | Sentence (YY-MM-DD) |
|---|---|---|---|---|---|

| 1997-03-04 | INDEC W/CHILD U 14YRS | 1998-11-13 | DALLAS | F-9801040-T | 20-00-00 |
|---|---|---|---|---|---|
| 1998-02-09 | ATT AGG SEXUAL ASLT CHILD U/14 | 1998-11-13 | DALLAS | F-9867384-MT | 20-00-00 |

Return to Search list

*The Texas Department of Criminal Justice updates this information regularly to ensure that it is complete and accurate, however this information can change quickly. Therefore, the information on this site may not reflect the true current location, status, scheduled termination date, or other information regarding an offender.*

*For questions and comments, you may contact the Texas Department of Criminal Justice, at (936) 295-6371 or webadmin@tdcj.texas.gov. This information is made available to the public and law enforcement in the interest of public safety. Any unauthorized use of this information is forbidden and subject to criminal prosecution.*

New Offender Search     TDCJ Home Page

```
          T. D. C. J.  -  I N S T I T U T I O N A L   D I V I S I O N
          DATE 05/27/15    - RECORDS OFFICE -        TIME 15:53:02
TDCJID: 00951492 NAME: OWENS,RONROYAL J               UNIT NEAL
SENT. BEGIN DATE 11/12/1998 TDC RECEIVE DATE 12/31/1998
INMATE STATUS STATE APPROVED TRUSTY CLASS III W  LAST PCR REQUEST 05/27/15

                                                        MAND SUPV PAROLE
SENT. OF RECORD      00020    YRS 00 MOS 00 DAYS
FLAT TIME SERVED             00016 YRS 06 MOS 14 DAYS    082  % 082 %
GOOD TIME EARNED             00016 YRS 03 MOS 21 DAYS    000  % 001 %
WORK TIME EARNED             00009 YRS 03 MOS 01 DAYS    002  % 041 %
MAND SUPV TIME CREDITS       00013 YRS 06 MOS 14 DAYS    082  %
PAROLE TIME CREDITS          00041 YRS 01 MOS 06 DAYS         % 204 %
MINIMUM EXPIRATION DTE: 11/12/2018
MAXIMUM EXPIRATION DTE: 11/12/2018

JAIL GOOD TIME REC'D YES                NUMBER OF DETAINERS 00
GOOD TIME LOST 00300 DAYS               WORK TIME LOST 00000 DAYS
PAROLE STATUS  APP DATE                 TDC CALC DATE 11/11/2009

*CALC PAROLE ELIG ON CALENDAR TIME

REQUEST:
CONDUCT RECORD:
```

**APPENDIX 12:**

MOTION TO CORRECT JUDGMENT NUNC PRO TUNC

(a) COVERLETTER

(b) pg. 1

(c) pg. 2

(d) pg. 3

(e) proposed order

RONROYAL J. OWENS

851492   NEAL UNIT
9055   SPUR   591
AMARILLO, TX 79107

HON. RICK MAGNIS, PRESIDING JUDGE      CERTIFIED NO. 7099 3220 0005 1969 2181
283rd JUDICIAL DISTRICT COURT
133 N. INDUSTRIAL BLVD., LB 33
DALLAS, TEXAS 75207-4313

MAY 19, 2008
Re: MOTION FOR ENTRY OF NUNC PRO TUNC JUDGMENT

Dear Judge Magnis:

Enclosed is my Motion to Correct Judgment by Nunc Pro Tunc (3pp.), ORDER
(1p.), Motion to Docket (1p.), Motion for Judicial Notice of Adjudicative
Facts (1p.), and ORDER (1p,). Also, you will find the following exhibits

*Original Judgment sheet in F98-01040-T                    1 p.

*Corrected Judgment  sheet in F98-01040-T                 1p.

*Original Judgment sheet in F98-67384-MT                  1p.

*Corrected Judgment Sheet in F98-67384-MT                 1p.

*TDCJ Institutional Division Inmate Timeslips             1p.

*Inmate Request to Official (Mr. Roberts-Law library Super.)   1p.

I am also including a carbon copy of this letter for your stamp dated file
mark as proof of fil8ing and a self-addressed envelope, postage prepaid,
for your return of the carbon copy with your stamp.

Thank you for considering this matter.                      .

Sincerely,

RONROYAL J. OWENS

CAUSE NOS. F98-01040-T
F98-67384-MT

RONROYAL J. OWENS,                    §
            MOVANT                    §
                                      §    IN THE 283rd JUDICIAL DISTRICT
v.                                    §    COURT, DALLAS, DALLAS COUNTY
                                      §                            TEXAS
THE STATE OF TEXAS                    §

MOTION TO CORRECT JUDGMENT BY NUNC PRO TUNC

Ronroyal J. Owens (Owens) requests this Court's help in correcting the errors in his judgment sheet as it pertains to the dates of his convictions, sentence and commencement date of his sentences. The judgment sheets (and all subsequent court records) reflect his conviction dates as November 13, 1998 (or some other date) when the actual / correct date is December 2, 1998.

## I. Jurisdiction

It is Owens's understanding that the trial court always has jurisdiction to ⟨correct mistakes or errors in a judgment or order after the expiration of the court's plenary power, via entry of a judgment nunc pro tunc." State v. Bates, 889 S. W. 2d 306, 309 (Tex Cr. App. 1994).

## II. Facts

On November 13, 1998 Judge Molly M. Francis sentenced Owens to two 20 year terms in the above cases, but did not adjudge him as guilty. Two weeks later, December 2, 1998, Judge Francis brought Owens to court, appointed him counsel and held a sentencing hearing – in which she pronounced him guilty in both cases, sentenced him and ordered the terms to start on that date.

Since Owens's convictions, all court documents reflect November 13th as his conviction date instead of December 2nd. The "corrected judgment" sheets, TDCJ inmate timeslips and the prison computers incorrectly reflect 11/13, or some other wrong date, as Owens's conviction date. See the highlighted portions of all of the exhibits.

1 of 3

## III. Arguments and Authorities

When the district clerk entered a "corrected judgment", she only changed the "TERMS OF THE PLEA" from "20 YRS. PENITENTIARY" to "OPEN." The judgment sheet does not correctly show the exact date Owens was pronounced, adjudged, found guilty and sentenced. His sentence commencement date remained 11/13/98 rather than 12/2/98.

During the December hearing the following colloquy occurred in open court:

> THE COURT: I got a couple of housekeeping things I need to do .... These are Cause Numbers F97-75579 [F98-01040-T] and F98-67384 .... M[r]. Owens is present with Ms. Michelle Moore, the public defender out of this court....

> *   *   *

> THE COURT: ....I was driving home on November 13th after we left court I realized that I had neglected to actually find you guilty...

> *   *   *

> THE COURT: .... So going back and kind of cleaning up a procedural mistake ... I do in each of the above numbered causes find you guilty ....and set your punishment ... at 20 years confinement in the state penitentiary .... Sentence to begin today. I will give you backtime, of course.

> *   *   *

See pages 5, 6 and 7 of the reporters record of the December 2, 1998 proceedings for the exact location of these quotes. Owens notes that he does not have a copy of this record and has no access to a copyier in order to supply the court with these statements of fact. Owens has requested that the Court would take judicial notice of these facrts from its own records.

The Texas Code of Criminal Procedure, Article 42.01 § 1 states that the judgment shall reflect:

- [16] the date the judgment is entered;

- [17] the date the sentence is imposed;

- [18] the date the sentence is to commence and any credit...

In this case, the "corrected judgment" does not accurately reflect what happened on December 2, 1998, in open court, before Judge Francis.

PRAYER

Owens prays that this Court will GRANT this motion for the entry of a nunc pro tunc judgment and ORDER the district clerk to correct, modify or change the "corrected judgment" to reflect what was actually corrected and occurred during that proceeding..

Specifically, Owens requests that the judgment show the appointment of Michelle Moore as his counsel, his adjudication of his guilty by the judge, the imposing and start of his sentences. He also request that the Court would GRANT him anything else it deems accurate, right and fair in this matter.

Respectfully submitted,

RONROYAL J. OWENS

UNSWORN DECLARATION

I, Ronroyal J. Owens, declare, under the penalty of perjury that all statements contained within this document are indeed true and correct as submitted on this 19th day of May, 2008.

RONROYAL J. OWENS

CAUSE NOS. F98-01040-T
&
F98-67384-MT

RONROYAL J. OWENS                §
                                 §     IN THE 283rd JUDICIAL DISTRICT
v.                               §     COURT, DALLAS, DALLAS COUNTY,
                                 §                             TEXAS
THE STATE OF TEXAS               §


ORDER

This  283rd Judicial District Court of Dallas County, Texas hereby GRANTS this Motion to Correct Judgment by Nunc Pro Tunc and ORDERS the district clerk to make the record  accurately reflect the proceedings of December 2, 1998  as  Owens's conviction date, the start of his sentence and his representaion by  attorny Michelle Moore.


This O R D E R is entered on this ·      day of May, 2008.


PRESIDING JUDGE

**APPENDIX 13:**

JUDGMENT AND SENTENCE NUNC PRO TUNC (2pp.)

(a)F98-01040-T

(b) F98-67384-MT

upon the minutes of this court, be now entered upon the minutes of this court.

| STATE OF TEXAS, | § | | |
| | § | | |
| | § | NO. | F98-01040-T |
| | § | | |
| V. | § | | |
| | § | | |
| | § | | |
| | § | | |
| RONROYAL OWENS, | § | | |

## JUDGMENT AND SENTENCE

The said Ronroyal Owens was convicted on the record in open court by the trial court on the date of December 2, 1998. The sentence of incarceration for 20 years was orally pronounced and imposed on the date of December 2, 1998. The said Ronroyal Owens was represented by the Hon. Michelle Moore at the hearing on December 2, 1998.

## ORDER

By affixing my signature hereto, the Court hereby issues the foregoing Judgment and Sentence Nunc Pro Tunc.

SIGNED AND ENTERED this the 31ˢᵗ day of August, 2009.

_____
JUDGE PRESIDING

2

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record now
On file in my office.

Witness my official hand and seal of
office, this _____ SEP      2014

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

By_____
Deputy



upon the minutes of this court, be now entered upon the minutes of this court.

| | |
|---|---|
| **STATE OF TEXAS,** | § |
| | § |
| | §    **NO.    F98-67384-MT** |
| | § |
| **V.** | § |
| | § |
| | § |
| **RONROYAL OWENS,** | § |

## JUDGMENT AND SENTENCE

The said Ronroyal Owens was convicted on the record in open court by the trial court on the date of December 2, 1998. The sentence of incarceration for 20 years was orally pronounced and imposed on the date of December 2, 1998. The said Ronroyal Owens was represented by the Hon. Michelle Moore at the hearing on December 2, 1998.

## ORDER

By affixing my signature hereto, the Court hereby issues the foregoing Judgment and Sentence Nunc Pro Tunc.

SIGNED AND ENTERED this the 31st day of August, 2009.

_____
JUDGE PRESIDING

2

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record now
on file in my office.

Witness my official hand and seal of
office, this ___SEP   7 201___

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

By: _____

**APPENDIX 14:**

MAY 15, 2008, LETTER FROM MICHELLE MOORE



# Dallas County
## Public Defender's Office

May 15, 2008

Michelle Moore
Dallas County Public Defenders Office
133 N. Industrial Blvd.
9th Floor, Suite C-1, LB 2
Dallas, TX 75207

Ronroyal Owens #851492
Neal Unit
9055 Spur 591
Amarillo, TX 79107

Dear Mr. Owens:

I am in receipt of your letter dated March 30, 2008. Judge Francis had me step in for the final part of the sentencing phase because Ms. Shelton was nowhere to be found. The court called her office and tried every phone number that they had. Both sides had rested, closed and argued. The judge had made her decision, and all that was left was the formal sentencing. Since I was the public defender in Judge Francis' court, she had me step in for the formal sentencing.

You might look at the status of Ms. Shelton's license at the time. She has had problems keeping it in good standing.

With Kindest Regards,

Michelle Moore

**APPENDIX 15:**

OCTOBER 16,2008 LETTER FROM MICHELLE MOORE

# Dallas County
## Public Defender's Office

October 16, 2008

Michelle Moore
Dallas County Public Defenders Office
133 N. Industrial Blvd.
9th Floor, Suite C-1, LB 2
Dallas, TX 75207

Ronroyal Owens #851492
Neal Unit
9055 Spur 591
Amarillo, TX 79107

Dear Mr. Owens:

It appears that the court is currently conducting a judicial review of your case. I don't know what that means other than Judge Magnis is looking at your case.

Judge Francis had me stand in for Catherine Shelton on your sentencing only as your attorney, Catherine Shelton, failed to appear for the sentencing and failed to return repeated phone calls from the court to appear. This is not a void sentencing.

Good luck with your case.

With Kindest Regards,

Michelle Moore

**APPENDIX 16:**

MARCH 29, 2011, LETTER FROM MICHELLE MOORE
TO JUDGE RICH MAGNIS



# Dallas County
## Public Defender's Office

March 29, 2011

Michelle Moore
Dallas County Public Defenders Office
133 N. Riverfront Blvd., LB 2
Dallas, TX 75207

Judge Rick Magnis
283rd Judicial District Court
Dallas, Texas

Dear Judge Magnis:

I have no file on Ronroyal Owens. I never had a file on that case since I was pulled in to stand with Mr. Owens on the verdict only. Catherine Shelton was the attorney of record, who tried the case. However, I believe she is now disbarred.

With Kindest Regards,

Michelle Moore

**APPENDIX 17:**

MOTION TO CORRECT "JUDGMENT AND SENTENCE"
BY NUNC PRO TUNC (2011)(7pp.)

(a) COVERLETTER

(b) pg.1

(c) pg.2

(d) pg.3

(e) pg.4

(f) proposed order

RONROYAL J. OWENS
851492 NEAL UNINT
9055   SPUR   591
AMARILLO, TX 79107

HON. RICK MAGNIS, PRISIDING JUDGE                     CMRRR#7009 2250 0002 7032
283rd JUDICIAL DISTRICT COURT
133 N. RIVERFRONT BLVD. LB 33
DALLAS, TEXAS 75207-4313

APRIL 15, 2011

Re:   Motion to Correct "Judgment and Sentence" by Nunc Pro Tunc in cases
      F98-67384-MT AND F98-01040-T; State of Texas v. Ronroyal J. Owens

      Dear Judge Magnis:

           Enclosed is my Motion to Correct "Judgment and Sentence"by Nunc Pro
Tunc (4pp.), Unsworn Declaration (2pp). Order and Motion to Docket and Set
for a Hearing.. Also, you will find the following exhibits:

1: Contract of Employment for Catherine Shelton                              1p.

2(a) and (b): Defendant's Motion for New TRial in  F98-67384/01040          2pp.

3: Motion to Correct Judgment by Nunc Pro Tunc (pp 1 &3)                    2pp.

4:(a0 and (b): Judgment and Sentence Nunc Pro Tunc and Judgment and Sen-
   tence (Back/Front) F98-67384/01040                                      2pp.

5: Motion for a Complete Copy of the Public Defender's (and Defendant's)
   Case File pursuant to Maxwell v. Florida...                              1p.

6: Letter to Judgme Rick Magnis for Hon. Michelle Moore (Public Defender)
   Dated March 29, 2011                                                     1p.

7(a)-(f): Partial portion of the Court Reportet's Record of December 2,
          1998, Punishment/Sentencing Hearing                              6pp.

8: Trial Court's Dicket Sheet of Court Orders                               1p.

     Judge Magnis,  I am also including a carbon copy of this letter for your
stamp date filed and a  self-addressed  envelopu,  postage  prepaid for you to
return the carbon copy.

     Your Honor, please  consider  and enter a ruling on this motion at your
earliest convenience.

     Lastly, have you entered a ruling  on my Motion ~~for a Comlete Copy of~~
for a Complete Copy of  the Public Defender's...Case File? If so, I would
like a copy of the  ORDER.

     Thank you, Judge Magnis, for your attention and diligence in resolving

each matter I have placed before you and for specifically inquiring about Attorney Moore's files.

Sincerely,

ROYROYAL J OWENS

| STATE OF TEXAS | § | IN THE 283RD |
| v. | § | JUDICIAL DISTRICT COURT |
| RONROYAL J. OWENS | § | DALLAS COUNTY, TEXAS |

## MOTION TO CORRECT "JUDGMENT AND SENTENCE" BY NUNC PRO TUNC

I, Ronroyal J. Owens (a pro se inmate), request this Court's help in correcting a mistake in the August 31, 2009, "Judgment and Sentence" because of new information provided to this Court by Michelle Moore (the Dallas County Public Defender) confirming that Catherine Shelton was, in fact, my "attorney of record" in the above styled and numbered causes.

### I. Jurisdiction

This Court has jurisdiction to "correct mistakes or errors in a judgment or order after the expiration of the court's plenary power, via entry of a judgment nunc pro tunc." State v. Bates, 889 S.W. 2d 306,309 (Tex. Cr. App. 1994).

### I. Statement of Facts

On june 15, 1998, I retained the Hon. Catherine Shelton as my attorney (Exhibit 1) and she actively represented me until December 11, 1998. Exhibits 2(a)(b).

In May 2008 I requested that this honorable Court would enter a judgment by nunc pro tunc to correct my conviction date from November 13, 1998, to December 2, 1998. Also, I specifically asked "that the judgment show the appointment of Michelle Moore as...counsel." Exhibit 3.

This Court verified my statements from the appellate records and the District Attorney's office and granted my requests. On August 31, 2009, this Court issued" (1) a "Judgment and Sentence Nunc Pro Tunc and (2) a "Judgment and Sentence." In particular, only the "Judgment and Sentence"

portion of the Court's order mistakenly reflect that I "was represented by the Hon. Michelle Moore at the hearing on December 2, 1998." Exhibits 4(a)(b).

Four months later, I moved to receive a complete copy of my case files from Ms. Moore because I am currently engaged in collateral proceedings. Exhibit 5.

Fifteen days ago, Moore informed this Court that she "never had a file" on me and that my retained lawyer "Catherine Shelton was the attorney of record [] who tried the case. " Exhibit 6. The Clerk's rcords confirm this fact and demonstrate Shelton's continued representation of me throug December 11, 1998 - nine days after the December 2nd conviction and sentence. Exhibits 2(a)(b).

A thorough rereading of the December 2, 1998, reporter's record - in light of this new information —reveals that Judge Francis never appointed Moore as my attorney. The record only shows that Moore was present with me during the hearing (Exhibit 7(b)) and that the judge did not allow me to confer with Moore until after I was convicted and sentenced to prison. Exhibits 7(d)(e). In a letter to this Court, Moore explains that she was "pulled to to stand with[me] on the verdict only", but never says she was appointed to represent me. exhibit 6.

Finally, the trial court's own records do not show that Judge Francis appointd Moore to represent me on December 2, 1998; only that Moore assisted me in filing a (new) notice of appeal. Exhibit 8. This fact is further corroborated by the court reporter's record when the Judge stated:

"Ms. Moore is going to check those files and be sure that there is a notice of appeal. an appropriate norice of appeal. Let's do the pauper one... while Mr. Owens is here. There may be something alrady in the file.... but we do the formal notice of appeal where an [appeal] attorney is appointed" [Exhibit 7(e)].

No clerk's records exist showing Moore's appointment and Shelton's withdrawal or removal.

## III. Arguments and Authorities

**A. The Law:**

The Texas Code of Criminal Procedure, Article 42.01 § 1 mandates that "[t]he judgment shall reflect.... 2. ...the attorney for the defendant."

**B. The Application:**

First, Michelle Moores's letter to this Court makes it crystal clear that Catherine Shelton was, in fact, my attorney of recors in these cases and Moore was "pulled in" to merely "stand with" me for "the verdicrt only." Moore did not consider herself to be my attorney and never created or had an attorney-client relatiship with me, nor did she ever possess or initiate any court or case filings on (or for) me.

Second, the district clerk's records confirm that Shelton indeed continued to acticely represent me as late as December 11, 1998, by seeking a new trial on my behalf. At no time (before this date) did Shelton withdraw as my counsel. I did nott ~~her removal nor replacement and I did not ask~~ request her removal nor replacement and I did not ask for a public defender.

Lastly, the law requires that the judgment accurately reflect my attorney of record and "its entry [into the judgment] is a ministerial act"for the court to perform. Jones v. State, 797 S.W. 3d 33, 35 n.3 (Tex. Cr. App. 1990). The "Judgment and Sentence" portion (on page 2 of Exhibit 4(a)(b) can only reflect that Catherine Shilton was my attorney of record through 12/11/98 because that's what actually occurred under Judge Francis and according to the records.

I apologize to this honorable Court and admit that I was indeed confused about my representation and the events on december 2nd when I requested

my initial nunc pro tunc.

## IV.  PRAYER

I,  Ronroyal  J.  Owens,  pray that this Court, upon reviewing the facts, will **G R A N T** this motion for entry of a nunc pro tunc judgment to correctly demonstrate that the Hon.  Catherine  Shelton was my attorney of record and that the Hon. Michelle Moore was never  appointed to represent me, **never** tried my cases, and has **never** had a file on my cases.

Respectfully submitted,



RONROYAL J. OWENS

### UNSWORN DECLARATION

I,  Ronroyal  J.  Owens,  declare  under  the penalty of perjury that all statements  contained  in  this  document  are true and correct as submitted on this 15th day of April, 2011.

RONROYAL J. OWENS

CAUSE NOS. F98-67384-NT AND F98-01040-T

RONROYAL J. OWENS,                      §                      IN THE 283rd

V.                                       §                      JUDICIAL COURT

STATE OF TEXAS                           §                      DALLAS COUNTY, TX

### O R D E R

This 283rd Judicial Court of Dallas County, Texas hereby **G R A N T S** this MOTION to CORRECT "JUDGMENT and SENTENCE" by NUNC PRO TUNC.

Let the record reflect that RONROYAL J. OWENS was represented by the Hon. Catherine M. Shelton in these cause numbers until December 11, 1998 and that the Hon. Michelle Moore was never appointed to represent RONROYAL OWENS, never tried his cases and never had a file on his cases since Catherine Shelton was his attorney of record.

### O R D E R

By affixing my signature hereto, the Court hereby issues the foregoing Judgment and Sentence Nunc Pro Tunc.

SIGNED AND ENTERED this the    day of      , 2011.


                                    JUDGE PRESIDING

**APPENDIX 18:**

RULING ON MOTION FOR COMPLETE COPY OF PUBLIC DEFENDER'S
(AND DEFENDANT'S) CASE FILE AND
SUBSEQUENT JUDGMENT AND SENTENCE NUNC PRO TUNC

(a) pg. 1

(b) pg. 2

(c) pg. 3

IN THE 283RD JUDICIAL DISTRICT COURT DALLAS COUNTY, TEXAS

| STATE OF TEXAS, | § | |
| | § | |
| | § | NOS. F98-67384-MT |
| — — — | § | F98-01040-T |
| | § | |
| V. | § | |
| | § | |
| | § | |
| RONROYAL OWENS, | § | |

§ § §

## RULING ON MOTION FOR COMPLETE COPY OF PUBLIC DEFENDER'S (AND DEFENDANT'S) CASE FILE AND SUBSEQUENT JUDGMENT AND SENTENCE NUNC PRO TUNC

§ § §

Having considered the written motion of Ronroyal Owens ("Owens") filed in this case asking for complete copy of the public defender's file pursuant to Maxwell v. Florida, 479 U.S. 974, the motion is hereby denied based on the facts that the portion of Maxwell upon which Owens relies is a dissenting opinion from a denial of certiorari. See Maxwell v. Florida, 479 U.S. 972 (1986). The law is well settled that dissenting opinions constitute no controlling authority. See, e.g., Davidson v. State, 737 S.W.2d 942, 947 (Tex. App. – Amarillo 1987, pet. ref'd). Accordingly, Owens' motion is hereby denied.

Having considered Owens' second motion for judgment nunc pro tunc, the Court is of the opinion that the motion should be granted to an extent. Owens admits that he originally asked this Court to grant a judgment and sentence nunc pro tunc to reflect that

1

Michelle Moore had been Owens' counsel on December 2, 1998. Additionally, Michelle Moore did stand in with Owens for the purpose of receiving the verdict. However, Catherine Shelton was the actual attorney who was still representing Owens. Because Michelle Moore did stand-in as counsel for the purpose of receiving the verdict and because Owens was also still being represented by Catherine Shelton, the Court is granting the motion nunc pro tunc to the extent of directing that the judgment reflect that Owens was represented by Catherine Shelton and Michelle Moore.

It is therefore considered, ordered, and adjudged by the court that the following judgment and sentence, which was rendered herein on the 2nd day of December, 1998, by this court, but which was not then entered upon the minutes of this court, be now entered upon the minutes of this court.

| STATE OF TEXAS, | § | | |
|---|---|---|---|
| | § | | |
| | § | NOS. | F98-67384-MT |
| | § | | F98-01040-T |
| V. | § | | |
| | § | | |
| | § | | |
| RONROYAL OWENS, | § | | |

## JUDGMENT AND SENTENCE

The said Ronroyal Owens was convicted on the record in open court by the trial court on the date of December 2, 1998. The sentence of incarceration for 20 years was orally pronounced and imposed on the date of December 2, 1998. The said Ronroyal

2

Owens was represented by the Hon. Catherine Shelton during his trial proceedings and by the Hon. Michelle Moore at the hearing on December 2, 1998.

## ORDER

By affixing my signature hereto, the Court hereby issues the foregoing Judgment and Sentence Nunc Pro Tunc.

SIGNED AND ENTERED this the 31st day of October, 2011.

JUDGE PRESIDING

3

**APPENDIX 19:**

FIFTH COURT OF APPEALS OPINION



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00158-CV
No. 05-12-00159-CV

## IN RE RONROYAL J. OWENS, Relator

Original Proceeding from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F98-01040 and F98-67384

## MEMORANDUM OPINION

Before Justices Morris, Richter, and Lang-Miers
Opinion by Justice Richter

Relator contends the trial court violated a ministerial duty by not granting his motion for judgment nunc pro tunc in full. The facts and issues are well known to the parties, so we need not recount them herein. Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. *See* TEX. R. APP. P. 52.8(a); *Simon v. Levario*, 306 S.W.3d 318, 320-21 (Tex. Crim. App. 2009) (orig. proceeding); *State of Tex. ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). Accordingly, we **DENY** relator's petition for writ of mandamus.

MARTIN RICHTER
JUSTICE

120158F.P05

**APPENDIX 20:**

FIFTH COURT OF APPEALS ORDER ON REHEARING

Order issued March 29, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-00158-CV
No. 05-12-00159-CV

## IN RE RONROYAL J. OWENS, Relator

Original Proceeding from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F98-01040

# ORDER

Before Justices Morris, Richter and Lang-Miers

The Court has before it relator's March 26, 2012 motion for a rehearing. The Court **DENIES** the motion.

MARTIN RICHTER
JUSTICE

**APPENDIX 21:**

DECEMBER 20, 2012 LETTER TO DALLAS COUNTY DISTRICT CLERK

FILED
RONROYAL J. OWENS
851492 NEAL UNIT
9055 SPUR 591
AMARILLO, TEXAS 79107
CLERK
TEXAS
UTY

DECEMBER 20, 2012

DALLAS COUNTY DISTRICT CLERK
HON. GARY FITZSIMMONS, CLERK
133 NO. RIVERFRONT BLVD. LB
DALLAS, TEXAS 75207

Re:  December  2, 1998, Court Order Appointing Hon. Michelle Moore as Counsel
     in  Cause Nos. F98-01040-T and F98-67384MT.

     Dear Clerk:

     Enclosed  is  my  $5.00 payment for a cerified copy of the 283rd Judicial
District  Court's  **ORDER**  **appointing**  the  honorable  **Michelle Moore as counsel**
in  trial  cause  nos.  F98-01040T and F98-67384MT on (or about) December 2nd,
1998.

     Clerk, please  search your records for these documents and send me certi-
fied copies of them at:

                         RONROYAL J. OWENS
                         **851492** NEAL UNIT
                         9055   SPUR   591
                         AMARILLO, TEXAS 79107

     For  your  convenience,  I have included a self addressed postage prepaid
(First Class) for your immediate response to this request.

     Thank you for your help in this matter.

     MERRY CHRISTMAS AND Happy New Year.

Sincerely,


RONROYAL J. OWENS

**APPENDIX 22:**

LETTER FROM DALLAS COUNTY DISTRICT CLERK



# GARY FITZSIMMONS
## DALLAS COUNTY DISTRICT CLERK

**Mr. Owens,**

**Our department scanned your case file and did not find any documentation electing Michelle Moore as counsel. We do have other documents with her name on it so please write us back if you have any questions. Thank you.**

**Sincerely,**
**District Clerk Deputy**
**P. Johnson**

133 N. Riverfront BLVD. DALLAS, TEXAS 75207 MAIN (214) 653-5950
FAX (214) - 653 - 5986    e-mail:gfitzsimmons@dallascounty.org
web site: www.dallascounty.org/distclerk/index.html

**Art. 42.03. Pronouncing Sentence; Time; Credit for Time Spent in Jail Between Arrest and Sentence or Pending Appeal.**

Sec. 1. (a) Except as provided in Article 42.14, sentence shall be pronounced in the defendant's presence.

(b) The court shall permit a victim, close relative of a deceased victim, or guardian of a victim, as defined by Article 56.01 of this code, to appear in person to present to the court and to the defendant a statement of the person's views about the offense, the defendant, and the effect of the offense on the victim. The victim, relative, or guardian may not direct questions to the defendant while making the statement. The court reporter may not transcribe the statement. The statement must be made:

(1) after punishment has been assessed and the court has determined whether or not to grant community supervision in the case;

(2) after the court has announced the terms and conditions of the sentence; and

(3) after sentence is pronounced.

Sec. 2. (a) In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent:

(1) in jail for the case, including confinement served as described by Article 46B.009 and excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court;

(2) in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under Section 493.009, Government Code, or another court-ordered residential program or facility as a condition of deferred adjudication community supervision granted in the case if the defendant successfully completes the treatment program at that facility; or

(3) confined in a mental health facility or residential care facility as described by Article 46B.009.

(b) In all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution or reparation due and owing on the date of the revocation.

Sec. 3. If a defendant appeals his conviction, is not released on bail, and is retained in a jail as provided in Section 7, Article 42.09, pending his appeal, the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail pending disposition of his appeal. The court shall endorse on both the commitment and the mandate from the appellate court all credit given the defendant under this section, and the Texas Department of Criminal Justice shall grant the credit in computing the defendant's eligibility for parole and discharge.

Sec. 4. When a defendant who has been sentenced to imprisonment in the Texas Department of Criminal Justice has spent time in jail pending trial and sentence or pending appeal, the judge of the sentencing court shall direct the sheriff to attach to the commitment papers a statement assessing the defendant's conduct while in jail.

Secs. 5 and 6. [Repealed by Acts 1989, 71st Leg., ch. 785 (H.B. 2335), § 4.24, effective September 1, 1989.]

Secs. 7, 7A and 8. [Deleted by Acts 1993, 73rd Leg., ch. 900 (S.B. 1067), § 5.03, effective September 1, 1993.]

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## Art. 42.09. Commencement of Sentence; Status During Appeal; Pen Packet.

Sec. 1. Except as provided in Sections 2 and 3, a defendant shall be delivered to a jail or to the Texas Department of Criminal Justice when his sentence is pronounced, or his sentence to death is announced, by the court. The defendant's sentence begins to run on the day it is pronounced, but with all credits, if any, allowed by Article 42.03.

Sec. 2. If a defendant appeals his conviction and is released on bail pending disposition of his appeal, when his conviction is affirmed, the clerk of the trial court, on receipt of the mandate from the appellate court, shall issue a commitment against the defendant. The officer executing the commitment shall endorse thereon the date he takes the defendant into custody and the defendant's sentence begins to run from the date endorsed on the commitment. The Texas Department of Criminal Justice shall admit the defendant named in the commitment on the basis of the commitment.

Sec. 3. If a defendant is convicted of a felony and sentenced to death, life, or a term of more than ten years in the Texas Department of Criminal Justice and he gives notice of appeal, he shall be transferred to the department on a commitment pending a mandate from the court of appeals or the Court of Criminal Appeals.

Sec. 4. If a defendant is convicted of a felony, is eligible for release on bail pending appeal under Article 44.04(b), and gives notice of appeal, he shall be transferred to the Texas Department of Criminal Justice on a commitment pending a mandate from the Court of Appeals or the Court of Criminal Appeals upon request in open court or upon written request to the sentencing court. Upon a valid transfer to the department under this section, the defendant may not thereafter be released on bail pending his appeal.

Sec. 5. If a defendant is transferred to the Texas Department of Criminal Justice pending appeal under Section 3 or 4, his sentence shall be computed as if no appeal had been taken if the appeal is affirmed.

Sec. 6. All defendants who have been transferred to the Texas Department of Criminal Justice pending the appeal of their convictions under this article shall be under the control and authority of the department for all purposes as if no appeal were pending.

Sec. 7. If a defendant is sentenced to a term of imprisonment in the Texas Department of Criminal Justice but is not transferred to the department under Section 3 or 4, the court, before the date on which it would lose jurisdiction under Section 6(a), Article 42.12, shall send to the department a document containing a statement of the date on which the defendant's sentence was pronounced and credits earned by the defendant under Article 42.03 as of the date of the statement.

Sec. 8. (a) A county that transfers a defendant to the Texas Department of Criminal Justice under this article shall deliver to an officer designated by the department:

(1) a copy of the judgment entered pursuant to Article 42.01, completed on a standardized felony judgment form described by Section 4 of that article;

(2) a copy of any order revoking community supervision and imposing sentence pursuant to Section 23, Article 42.12, including:

(A) any amounts owed for restitution, fines, and court costs, completed on a standardized felony judgment form described by Section 4, Article 42.01; and

(B) a copy of the client supervision plan prepared for the defendant by the community supervision and corrections department supervising the defendant, if such a plan was prepared;

(3) a written report that states the nature and the seriousness of each offense and that states the citation to the provision or provisions of the Penal Code or other law under which the defendant was convicted;

(4) a copy of the victim impact statement, if one has been prepared in the case under Article 56.03;

(5) a statement as to whether there was a change in venue in the case and, if so, the names of the county prosecuting the offense and the county in which the case was tried;

(6) if requested, information regarding the criminal history of the defendant, including the defendant's state identification number if the number has been issued;

(7) a copy of the indictment or information for each offense;

(8) a checklist sent by the department to the county and completed by the county in a manner indicating that the documents required by this subsection and Subsection (c) accompany the defendant;

(9) if prepared, a copy of a presentence or postsentence investigation report prepared under Section 9, Article 42.12;

(10) a copy of any detainer, issued by an agency of the federal government, that is in the possession of the county and that has been placed on the defendant;

(11) if prepared, a copy of the defendant's Texas Uniform Health Status Update Form; and

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(12) a written description of a hold or warrant, issued by any other jurisdiction, that the county is aware of and that has been placed on or issued for the defendant.

(b) The Texas Department of Criminal Justice shall not take a defendant into custody under this article until the designated officer receives the documents required by Subsections (a) and (c) of this section. The designated officer shall certify under the seal of the department the documents received under Subsections (a) and (c) of this section. A document certified under this subsection is self-authenticated for the purposes of Rules 901 and 902, Texas Rules of Evidence.

(c) A county that transfers a defendant to the Texas Department of Criminal Justice under this article shall also deliver to the designated officer any presentence or postsentence investigation report, revocation report, psychological or psychiatric evaluation of the defendant, including an evaluation prepared for the juvenile court before transferring the defendant to criminal court and contained in the criminal prosecutor's file, and available social or psychological background information relating to the defendant and may deliver to the designated officer any additional information upon which the judge or jury bases the punishment decision.

(d) The correctional institutions division of the Texas Department of Criminal Justice shall make documents received under Subsections (a) and (c) available to the parole division on the request of the parole division and shall, on release of a defendant on parole or to mandatory supervision, immediately provide the parole division with copies of documents received under Subsection (a). The parole division shall provide to the parole officer appointed to supervise the defendant a comprehensive summary of the information contained in the documents referenced in this section not later than the 14th day after the date of the defendant's release. The summary shall include a current photograph of the defendant and a complete set of the defendant's fingerprints. Upon written request from the county sheriff, the photograph and fingerprints shall be filed with the sheriff of the county to which the parolee is assigned if that county is not the county from which the parolee was sentenced.

(e) A county is not required to deliver separate documents containing information relating to citations to provisions of the Penal Code or other law and to changes of venue, as otherwise required by Subsections (a)(3) and (a)(5) of this article, if the standardized felony judgment form described by Section 4, Article 42.01, of this code is modified to require that information.

(f) Except as provided by Subsection (g) of this section, the county sheriff is responsible for ensuring that documents and information required by this section accompany defendants sentenced by district courts in the county to the Texas Department of Criminal Justice.

(g) If the presiding judge of the administrative judicial region in which the county is located determines that the county sheriff is unable to perform the duties required by Subsection (f) of

this section, the presiding judge may impose those duties on:

(1) the district clerk; or

(2) the prosecutor of each district court in the county.

(h) If a parole panel releases on parole a person who is confined in a jail in this state, a federal correctional institution, or a correctional institution in another state, the Texas Department of Criminal Justice shall request the sheriff who would otherwise be required to transfer the person to the department to forward to the department the information described by Subsections (a) and (c) of this section. The sheriff shall comply with the request of the department. The department shall determine whether the information forwarded by the sheriff under this subsection contains a thumbprint taken from the person in the manner provided by Article 38.33 of this code and, if not, the department shall obtain a thumbprint taken in the manner provided by that article and shall forward the thumbprint to the department for inclusion with the information sent by the sheriff.

(i) A county may deliver the documents required under Subsections (a) and (c) of this section to the Texas Department of Criminal Justice by electronic means. For purposes of this subsection, "electronic means" means the transmission of data between word processors, data processors, or similar automated information equipment over dedicated cables, commercial lines, or other similar methods of transmission.

(j) If after a county transfers a defendant or inmate to the Texas Department of Criminal Justice the charges on which the defendant or inmate was convicted and for which the defendant or inmate was transferred are dismissed, the county shall immediately notify an officer designated by the department of the dismissal.

Sec. 9. A county that transfers a defendant to the Texas Department of Criminal Justice under this article may deliver to an officer designated by the department a certified copy of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by the inmate while the inmate was confined in the county jail awaiting transfer to the department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision. The county may deliver the copy to the department at the time of the transfer of the inmate or at any time after the transfer of the inmate.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

RONRDYAL J. OWENS
851492 NEAL UNIT
9055 SPUR 591
AMARILLO, TEXAS 79107
79110

CERTIFIED MAIL

7015 0640 0007 4461 1787

U.S. POSTAGE
PAID
AMARILLO, TX
79117
JUN 16, 15
AMOUNT
$0.00
00069355-05

1006

78711

COURT OF CRIMINAL APPEALS
ATTN: ABEL ACOSTA, CLERK
P.O. BOX 12308
AUSTIN, TEXAS 78711-2308

Visit us at usps.com

UNITED STATES POSTAL SERVICE

PRIORITY
MAIL®

Label 107R, January 2008